UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL EVITT,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 3:23-cv-06121-BHS<br><br>ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its attorneys, Snell & Wilmer L.L.P., hereby responds to Plaintiff's Complaint for Violations of the Fair Credit Reporting Act dated December 8, 2023 [ECF No. 1] (the "Complaint") as follows:

## I.    STATEMENT OF THE CASE

Federal Rule of Appellate Procedure 8(d) requires that "[e]ach allegation must be simple, concise, and direct." Indeed, dismissal on Rule 8 grounds is appropriate where the complaint is "argumentative" or "prolix." *California Coal. for Fams. & Child. v. San Diego Cnty. Bar Ass'n*, 657 F. App'x 675, 678 (9th Cir. 2016). The Complaint's "Statement of the Case" is, however, approximately two pages in length and is thus not susceptible to an admission or denial. To the extent a response is required, Wells Fargo denies any and all wrongdoing. With respect to the allegations that do not involve Wells Fargo, including statements about Plaintiff, Wells Fargo lacks

ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
1
3:23-CV-06121-BHS

sufficient knowledge or information to respond to the remaining allegations, and therefore denies the same.

## II. PARTIES

2.1 In response to Paragraph 2.1 of the Complaint, Wells Fargo lacks sufficient knowledge or information to respond and therefore denies the same.

2.2 In response to Paragraph 2.2 of the Complaint, Wells Fargo admits that Plaintiff obtained a credit card from Wells Fargo. Wells Fargo lacks sufficient knowledge or information to respond to the remaining allegations and therefore denies the same.

2.3 In response to Paragraph 2.3 of the Complaint, Paragraph 2.3 calls for a legal conclusion to which an answer is not necessary nor appropriate. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2.3 of the Complaint and therefore denies the same.

2.4 In response to Paragraph 2.4 of the Complaint, Wells Fargo denies that it is a corporation. Under 28 U.S.C. § 1332(c)(1), Wells Fargo is a citizen of South Dakota, the state listed on Wells Fargo's organization certificate. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.").

## III. JURISDICTION AND VENUE

The Complaint's "Jurisdiction and Venue" section is not a "simple, concise, and direct" allegation, as Rule 8(d) requires. This section contains numerous and compound allegations, and is thus not susceptible to an admission or denial. Moreover, this section of the Complaint

ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
2
3:23-CV-06121-BHS

Snell & Wilmer
506 Second Avenue
Suite 1400
Seattle, Washington 98104
425.748.5055

references liability to a "Mr. Hermann," who is not identified as a party. Notwithstanding the above, Wells Fargo admits that the Complaint purports to assert a claim under federal law, and thus this Court has subject matter jurisdiction.

## IV. FACTS

4.1 In response to Paragraph 4.1 of the Complaint, Wells Fargo objects to the vagueness, accuracy, and characterization of the allegations, which are in any event wholly irrelevant to Plaintiff's dispute, and therefore denies.

4.2 In response to Paragraph 4.2 of the Complaint, Wells Fargo objects to the vagueness, accuracy, and characterization of the allegations, which are in any event wholly irrelevant to Plaintiff's dispute, and therefore denies.

4.3 In response to Paragraph 4.3 of the Complaint, Wells Fargo objects to the vagueness, accuracy, and characterization of the allegations, which are in any event wholly irrelevant to Plaintiff's dispute, and therefore denies.

4.4 In response to Paragraph 4.4 of the Complaint, Wells Fargo objects to the vagueness, accuracy, and characterization of the allegations, which are in any event wholly irrelevant to Plaintiff's dispute, and therefore denies.

4.5 In response to Paragraph 4.5 of the Complaint, Wells Fargo objects to the vagueness, accuracy, and characterization of the allegations, which are in any event wholly irrelevant to Plaintiff's dispute, and therefore denies.

4.6 In response to Paragraph 4.6 of the Complaint, Wells Fargo objects to the vagueness, accuracy, and characterization of the allegations, which are in any event wholly irrelevant to Plaintiff's dispute, and therefore denies.

4.7 In response to Paragraph 4.7 of the Complaint, Wells Fargo objects to the vaguenss, accuracy, and characterization of the allegations, as well as does not indicate what

ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
3
3:23-CV-06121-BHS

Snell & Wilmer
506 Second Avenue
Suite 1400
Seattle, Washington 98104
425.748.5055

"similar practices" means, which allegations are in any event wholly irrelevant to Plaintiff's dispute, and therefore denies.

4.8   In response to Paragraph 4.8 of the Complaint, Wells Fargo objects to the vagueness, accuracy, and characterization of the allegations, which are in any event wholly irrelevant to Plaintiff's dispute, and therefore denies.

4.9   In response to Paragraph 4.9 of the Complaint, Wells Fargo objects to the vagueness, accuracy, and characterization of the allegations, which are in any event wholly irrelevant to Plaintiff's dispute, and therefore denies.

4.10  In response to Paragraph 4.10 of the Complaint, Wells Fargo objects to the vagueness, accuracy, and characterization of the allegations, which are in any event wholly irrelevant to Plaintiff's dispute, and therefore denies.

4.11  In response to Paragraph 4.11 of the Complaint, the allegations are too vague to evaluate, and Wells Fargo therefore denies the same.

4.12  In response to Paragraph 4.12 of the Complaint, Wells Fargo denies.

4.13  In response to Paragraph 4.13 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.13 of the Complaint and therefore denies the same.

4.14  In response to Paragraph 4.14 of the Complaint, Wells Fargo denies.

4.15  In response to Paragraph 4.15 of the Complaint, Wells Fargo denies.

4.16  In response to Paragraph 4.16 of the Complaint, Wells Fargo denies.

4.17  In response to Paragraph 4.17 of the Complaint, Wells Fargo denies.

4.18  In response to Paragraph 4.18 of the Complaint, Wells Fargo lacks sufficient knowledge or information to respond and therefore denies the same.

4.19  In response to Paragraph 4.19 of the Complaint, Wells Fargo lacks sufficient knowledge or information to respond and therefore denies the same.

ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
4
3:23-CV-06121-BHS

Snell & Wilmer
506 Second Avenue
Suite 1400
Seattle, Washington 98104
425.748.5055

| | | |
|---|---|---|
| 1 | 4.20 | In response to Paragraph 4.20 of the Complaint, Wells Fargo lacks sufficient knowledge or information to respond and therefore denies the same. |
| 3 | 4.21 | Wells Fargo lacks sufficient knowledge or information to respond and therefore denies the same. |
| 5 | 4.22 | In response to Paragraph 4.22 of the Complaint, Wells Fargo admits that Plaintiff has a deposit account with Wells Fargo. |
| 7 | 4.23 | In response to Paragraph 4.23 of the Complaint, Wells Fargo admits. |
| 8 | 4.24 | In response to Paragraph 4.24 of the Complaint, Wells Fargo denies. |
| 9 | 4.25 | In response to Paragraph 4.25 of the Complaint, Wells Fargo denies. |
| 10 | 4.26 | In response to Paragraph 4.26 of the Complaint, Wells Fargo admits that each of the transactions was approximately $999 and denies the remaining allegations. |
| 12 | 4.27 | In response to Paragraph 4.27 of the Complaint, Wells Fargo admits that the transactions totaled just under $18,000 but denies that the transactions were unauthorized. |
| 15 | 4.28 | In response to Paragraph 4.28 of the Complaint, Wells Fargo admits that overdraft protection was established on April 28, 2022, but denies that this was unauthorized. |
| 17 | 4.29 | In response to Paragraph 4.29 of the Complaint, Wells Fargo objects to the vagueness of the term "use" and therefore denies. |
| 19 | 4.30 | In response to Paragraph 4.30 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.30 of the Complaint and therefore denies the same. |
| 22 | 4.31 | In response to Paragraph 4.31 of the Complaint, Wells Fargo denies. |
| 23 | 4.32 | In response to Paragraph 4.32 of the Complaint, Wells Fargo denies. |
| 24 | 4.33 | In response to Paragraph 4.33 of the Complaint, Wells Fargo denies. |

ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
5
3:23-CV-06121-BHS

Snell & Wilmer
506 Second Avenue
Suite 1400
Seattle, Washington 98104
425.748.5055

| | | |
|---|---|---|
| 1 | 4.34 | In response to Paragraph 4.34 of the Complaint, Wells Fargo admits that Plaintiff reported to Wells Fargo that certain transactions were purportedly unauthorized. |
| 3 | 4.35 | In response to Paragraph 4.35 of the Complaint, Wells Fargo admits. |
| 4 | 4.36 | In response to Paragraph 4.36 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.36 of the Complaint and therefore denies the same. |
| 7 | 4.37 | In response to Paragraph 4.37 of the Complaint, Wells Fargo denies. |
| 8 | 4.38 | In response to Paragraph 4.38 of the Complaint, Wells Fargo Wells Fargo responds that the document speaks for itself. |
| 10 | 4.39 | In response to Paragraph 4.39 of the Complaint, Wells Fargo responds that the document speaks for itself. |
| 12 | 4.40 | In response to Paragraph 4.40 of the Complaint, Wells Fargo responds that the document speaks for itself. |
| 14 | 4.41 | In response to Paragraph 4.41 of the Complaint, Wells Fargo denies. |
| 15 | 4.42 | In response to Paragraph 4.42 of the Complaint, Wells Fargo cannot meaningfully respond because the allegation is completely non-specific as to time, and therefore denies. |
| 18 | 4.43 | In response to Paragraph 4.43 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.36 of the Complaint and therefore denies the same. |
| 21 | 4.44 | In response to Paragraph 4.44 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.36 of the Complaint and therefore denies the same. |

ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
6
3:23-CV-06121-BHS

Snell & Wilmer
506 Second Avenue
Suite 1400
Seattle, Washington 98104
425.748.5055

| | | |
|---|---|---|
| 1 | 4.45 | In response to Paragraph 4.45 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.36 of the Complaint and therefore denies the same. |
| 4 | 4.46 | In response to Paragraph 4.46 of the Complaint, Wells Fargo denies. |
| 5 | 4.47 | In response to Paragraph 4.47 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.47 of the Complaint and therefore denies the same. |
| 8 | 4.48 | In response to Paragraph 4.48 of the Complaint, Wells Fargo denies. |
| 9 | 4.49 | In response to Paragraph 4.49 of the Complaint, Wells Fargo admits. |
| 10 | 4.50 | In response to Paragraph 4.50 of the Complaint, Wells Fargo admits that it moved to enforce the arbitration agreement in the parties' operative agreement. |
| 12 | 4.51 | In response to Paragraph 4.51 of the Complaint, Wells Fargo responds that the "Final Award" speaks for itself, but notes that the Award remains unconfirmed. |
| 14 | 4.52 | In response to Paragraph 4.52 of the Complaint, Wells Fargo responds that the "Final Award" speaks for itself, but notes that the Award remains unconfirmed. |
| 16 | 4.53 | In response to Paragraph 4.53 of the Complaint, Wells Fargo responds that the "Final Award" speaks for itself, but notes that the Award remains unconfirmed. |
| 18 | 4.54 | In response to Paragraph 4.54 of the Complaint, Wells Fargo denies. |
| 19 | 4.55 | In response to Paragraph 4.55 of the Complaint, Wells Fargo denies. |
| 20 | 4.56 | In response to Paragraph 4.56 of the Complaint, Wells Fargo admits that it was "still credit reporting the account" but denies any wrongdoing. |
| 22 | 4.57 | In response to Paragraph 4.57 of the Complaint, Wells Fargo admits based on Exhibit D. |
| 24 | 4.58 | In response to Paragraph 4.58 of the Complaint, Wells Fargo denies. |
| 25 | 4.59 | In response to Paragraph 4.59 of the Complaint, Wells Fargo denies. |

ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
7
3:23-CV-06121-BHS

Snell & Wilmer
506 Second Avenue
Suite 1400
Seattle, Washington 98104
425.748.5055

| | | |
|---|---|---|
| 1 | 4.60 | In response to Paragraph 4.60 of the Complaint, Wells Fargo denies. |
| 2 | 4.61 | In response to Paragraph 4.61 of the Complaint, Wells Fargo denies. |
| 3 | 4.62 | In response to Paragraph 4.62 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.36 of the Complaint and therefore denies the same. |
| 6 | 4.63 | In response to Paragraph 4.63 of the Complaint, Wells Fargo denies. |
| 7 | 4.64 | In response to Paragraph 4.64 of the Complaint, Wells Fargo denies. |
| 8 | 4.65 | In response to Paragraph 4.65 of the Complaint, Wells Fargo denies. |
| 9 | 4.66 | In response to Paragraph 4.66 of the Complaint, Wells Fargo denies. |
| 10 | 4.67 | In response to Paragraph 4.67 of the Complaint, Wells Fargo denies. |
| 11 | 4.68 | In response to Paragraph 4.68 of the Complaint, Wells Fargo denies. |
| 12 | 4.69 | In response to Paragraph 4.69 of the Complaint, Wells Fargo denies. |

## V.  FIRST CAUSE OF ACTION

(Federal Fair Credit Reporting Act Violation)

(15 U.S.C. § 1681-s-2(b))

**(Wells Fargo)**

5.1 In response to Paragraph 5.1 of the Complaint, Wells Fargo incorporates its responses above.

5.2 In response to Paragraph 5.2 of the Complaint, Wells Fargo denies.

5.3 In response to Paragraph 5.3 of the Complaint, Wells Fargo denies.

5.4 In response to Paragraph 5.4 of the Complaint, Wells Fargo objects to vagueness of term "erroneous account" and denies.

5.5 In response to Paragraph 5.5 of the Complaint, Wells Fargo admits.

5.6 In response to Paragraph 5.6 of the Complaint, Wells Fargo denies, and notes that the Final Award is unconfirmed.

ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

8

3:23-CV-06121-BHS

Snell & Wilmer
506 Second Avenue
Suite 1400
Seattle, Washington 98104
425.748.5055

| | | |
|---|---|---|
| 1 | 5.7 | In response to Paragraph 5.7 of the Complaint, Wells Fargo denies. |
| 2 | 5.8 | In response to Paragraph 5.8 of the Complaint, Wells Fargo denies. |
| 3 | 5.9 | In response to Paragraph 5.9 of the Complaint, Wells Fargo denies. |
| 4 | 5.10 | In response to Paragraph 5.10 of the Complaint, Wells Fargo responds that Exhibit E speaks for itself, but notes that Exhibit E appears to be a TransUnion document, and is not a document issued or created by Wells Fargo. |
| 7 | 5.11 | In response to Paragraph 5.11 of the Complaint, Wells Fargo objects to vagueness of term "erroneous account" and denies. |
| 9 | 5.12 | In response to Paragraph 5.12 of the Complaint, Paragraph 5.12 asserts a legal standard from a Pennsylvania case, and thus a response is not necessary or appropriate. Plaintiff's Complaint cannot establish the applicable legal standards in his Complaint, particularly by citing foreign authority. |
| 13 | 5.13 | In response to Paragraph 5.13 of the Complaint, Wells Fargo denies. |
| 14 | 5.14 | In response to Paragraph 5.14 of the Complaint, Wells Fargo denies. |
| 15 | 5.15 | In response to Paragraph 5.15 of the Complaint, Wells Fargo denies. |
| 16 | 5.16 | In response to Paragraph 5.16 of the Complaint, Wells Fargo denies. |
| 17 | 5.17 | In response to Paragraph 5.17 of the Complaint, Wells Fargo denies. |

## VI. PRAYER FOR RELIEF

Wells Fargo requests that Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff take nothing thereby.

## AFFIRMATIVE DEFENSES

As separate, alternative, and affirmative defenses to the Complaint, Wells Fargo alleges:

1. The Complaint fails to state a claim against Wells Fargo upon which relief can be granted.

ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
9
3:23-CV-06121-BHS

Snell & Wilmer
506 Second Avenue
Suite 1400
Seattle, Washington 98104
425.748.5055

2. Plaintiff has no private right of action against Wells Fargo for its initial furnishing of information to a credit reporting agency. 15 U.S.C. § 1681s-2(c), (d).

3. Wells Fargo's duty to investigate Plaintiff's credit dispute is only triggered upon receiving notice of the dispute from the credit reporting agency. 15 U.S.C. § 1681s-2(b)(1).

4. To the extent Wells Fargo received notification of Plaintiff's dispute, Wells Fargo's responses to credit reporting agency disputes were timely, accurate, and complete.

5. At all relevant times, Wells Fargo had in place reasonable and appropriate procedures to investigate and verify any and all credit information it was allegedly furnishing.

6. Wells Fargo's investigations were reasonable under the circumstances and conducted in good faith.

7. Plaintiff's claims may be barred by the applicable statute of limitations and/or doctrine of laches. 15 U.S.C. § 1681p.

8. Plaintiff cannot prove Wells Fargo violated FCRA, knew it was violating FCRA, or acted with reckless disregard as to whether it was violating FCRA.

9. Plaintiff cannot establish any actual damages, including credit denial or monetary damages, with reasonable certainty.

10. Plaintiff failed to mitigate his damages.

11. Some or all of Plaintiff's damages, if any, may have been caused by the acts, omissions, and/or errors of Plaintiff and/or others. Thus, any damages are barred or reduced by the contributory and comparative negligence of Plaintiff or others.

12. Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

13. Plaintiff lacks standing because Plaintiff suffered no injury in fact.

14. Wells Fargo reserves all defenses under Fed. R. Civ. P. 8 and 12, and any additional defenses and avoidances that may apply through discovery or otherwise.

ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
10
3:23-CV-06121-BHS

Snell & Wilmer
506 Second Avenue
Suite 1400
Seattle, Washington 98104
425.748.5055

WHEREFORE, having fully defended, Wells Fargo requests the following relief:

A. That Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff take nothing thereby;

B. That Wells Fargo be awarded its costs and attorneys' fees pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b), and otherwise as allowed by law, in defending this action; and

C. For such other and further relief as the Court deems just and proper.

Dated: January 5, 2024   SNELL & WILMER L.L.P.

By: */s/ Kelly H. Dove*
Kelly H. Dove, WSBA No. 58910
*Attorneys for Wells Fargo Bank, N.A.*

ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
11
3:23-CV-06121-BHS

Snell & Wilmer
506 Second Avenue
Suite 1400
Seattle, Washington 98104
425.748.5055

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT** with the Clerk of the Court for the U. S. District Court, Western District of Washington by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED: January 5, 2024.

>  */s/ Maricris Williams*
> An employee of Snell & Wilmer L.L.P.

4867-2053-2122

ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
12
3:23-CV-06121-BHS

Snell & Wilmer
506 Second Avenue
Suite 1400
Seattle, Washington 98104
425.748.5055