UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| MICHAEL EVITT,<br>    Plaintiff,<br>  v.<br>WELLS FARGO BANK, N.A.,<br>    Defendant. | NO. 3:23-cv-06121-BHS<br><br>OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |

COMES NOW Plaintiff, MICHAEL EVITT ("Plaintiff" and/or "Mr. Evitt") by and through counsel, and respectfully opposes WELLS FARGO BANK, N.A.'s ("Defendant") Motion for Judgment on the Pleadings. This Opposition is supported by the Court File.

## I.   INTRODUCTION

Plaintiff ("Mr. Evitt") is an honorably discharged, special forces veteran, with a service-connected disability. Mr. Evitt is now employed by the Department of the Navy, where he protects America's nuclear secrets from our enemies. Mr. Evitt maintains impeccable credit and ensures that the balances on his open lines of credit are low because a negative mark on his credit report could lead to losing his security clearance and job.

Mr. Evitt has been a customer of Defendant since 1995. Defendant, however, allowed a hacker to make nearly $18,000 in fraudulent transactions on Mr. Evitt's accounts, then held Mr. Evitt responsible. Mr. Evitt sued Defendant, and he won in arbitration.

OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS 3:23-cv-06121-BHS   1   Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

The arbitrator ordered Defendant to refund Mr. Evitt and correct the inaccurate credit reporting, but Defendant did not comply. Defendant continued to press Mr. Evitt for the fraudulent balance of over $14,000, and reported it to the credit reporting agencies. Mr. Evitt disputed to Trans Union, and Defendant verified the inaccurate information six days later.

Defendant now moves to dismiss based on the limits of Trans Union's online dispute process and arbitration itself, neither of which are valid bases for dismissal on the pleadings. This Court has previously ruled that a lender cannot reasonably wait for some other process to "finalize" before it reinvestigates and corrects credit reporting an account. *Feldmann v. Lakeview Loan Servicing, LLC,* infra.

The Court should deny Defendant's motion. In the alternative, this Court should convert Defendant's motion to a motion under FRCP 56, because Defendant relies on matters extrinsic to the pleadings, and then deny the motion because the record is incomplete.

## II. **FACTS**

"Mr. Evitt…served in Army Special Forces and is service-disabled…" *See* ECF No. 1, p. 7, ¶ 4.18; ECF 1-1 ("AWARD OF ARBITRATOR," p. 1). Mr. Evitt now "…works as a civilian information security officer at the Bremerton Naval Shipyards." ECF No. 1, ¶ 4.19; ECF 1-1, p. 1, § "*Facts*."

On April 28, 2022, Wells Fargo allowed a hacker to access Mr. Evitt's account and establish 18 separate bill pays to two separate Bank of America accounts belonging to the hacker, each for a total of more than $999.00. ECF No. 1, ¶ 4.38-4.39.

Wells Fargo also allowed the hacker to establish overdraft protection on Mr. Evitt's Wells Fargo checking account, which ensured that any charges that were not covered by the

OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS 3:23-cv-06121-BHS

2

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

funds in Mr. Evitt's checking account were charged to his Wells Fargo credit card. *See* ECF No. 1, p. 7, ¶ 4.25; ECF 1-1, p. 1, ¶ 3, stating in pertinent part: "With overdraft draft protection, once all funds from Claimant's checking account were depleted, cash advances totaling $16,878.34 were added as charges to Claimant's credit card."

Mr. Evitt has never had a Bank of America account. He never authorized anyone to establish bill pay transfers from his Wells Fargo account to Bank of America, and he never authorized anyone to establish overdraft protection to his Wells Fargo credit card. *Id*., p. 7-8, ¶ 4.30-4.32.

On May 6, 2022, after discovering the fraudulent charges, Mr. Evitt "…notified Wells Fargo by telephone that there had been unauthorized transactions in his account." ECF No. 1, p. 8, ¶¶ 4.33-4.35; ECF No. 1-1, p. 2. Then, "After speaking with Wells Fargo and advising his supervisor that he needed to leave work to address the situation, he left the shipyard and traveled to Port Orchard, Washington, where he filed a police report with the Kitsap County Sheriff's office." *Id*. "…on May 14, 2023, at Wells Fargo's request, Mr. Evitt completed an affidavit of online fraud." *Id*. He also filed disputes with the Credit Reporting Agencies, the Federal Trade Commission, the Office of the Comptroller of the Currency, and the Consumer Financial Protection Bureau, all of which were sent to Wells Fargo. ECF No. 1, p. 8, ¶ 4.43; ¶ 4.36.

On June 10, 2022, despite the obvious nature of the fraud "…Wells Fargo concluded that the transactions were authorized and closed his claim." ECF No. 1-1, p. 2. However, Defendant knew that the transactions were fraudulent. *Id*., 4.41.

In August of 2022, when Mr. Evitt disputed the fraud again, a Wells Fargo representative questioned the charges on the account. *See* ECF No. 1, ¶ 4.38, stating: "**18 bill pays all for**

OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS  3:23-cv-06121-BHS

3

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

**$999.99 going to BofA on the same day?**"…"**Would there have been any "red flag" or anything that would alert the bank of suspicious bill pay activity?**" *Id*., p. 9, ¶ 4.38. (Emphasis added). The response was: "**Regarding red flags mentioned…it boils down to alert volumes and staffing…I couldn't tell you why this specifically didn't alert, unfortunately**." *Id.*, ¶ 4.39. (**Emphasis** added). Another representative found the amounts of the transactions suspicious. *Id*., ¶ 4.40, stating: "The only thing suspicious about this case to me is the amounts of the transactions…"

On January 9, 2023, Mr. Evitt disputed the false credit reporting to the Credit Reporting Agencies. *Id*., 4.43. Plaintiff's disputes included: A copy of the Police Report Plaintiff filed with Kitsap County, his online Affidavit of Fraud filed with Wells Fargo, as well as his complaints to the Consumer Financial Protection Bureau, the Federal Trade Commission, and the Office of the Comptroller of the Currency. *Id*., p. 9, ¶ 4.44.

The Credit Reporting Agencies communicated Mr. Evitt's disputes to Wells Fargo. *Id*., p. 9, ¶ 4.45. Wells Fargo failed to conduct a reasonable reinvestigation in response to Plaintiff's disputes to the Credit Reporting Agencies. *Id*., p. 10, ¶ 4.46. Wells Fargo "VERIFIED" the erroneous account balance as "ACCURATE." *Id*., ¶ 4.47. Thereafter, Mr. Evitt continued making timely payments on the debt under duress, to protect his security clearance.

In July 2022, Mr. Evitt filed Kitsap County Superior Court Complaint, Civil Cause No. 22-2-01792-18, against Defendant. *Id*., ¶ 4.49. At Wells Fargo's election, the matter was referred to arbitration, where Mr. Evitt prevailed. *Id*., ¶ 4.50.

However, during months of arbitration, Mr. Evitt made regular monthly payments on the fraudulent, nearly $18,000 debt, to protect his credit, his security clearance, and his job. Each

OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS  3:23-cv-06121-BHS

4

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

monthly payment was between $500 - $600. *Id.*, p. 1. This was also done "at extraordinary rates of interest." *See* ECF No. 1-1, arbitrator's "Final Award," p. 3.

On November 17, 2023, the arbitrator declared that Mr. Evitt never owed the money, and ordered Wells Fargo to refund Mr. Evitt's money, and eliminate the erroneous balance from Mr. Evitt's credit card, cease collecting and credit reporting the erroneous balance. *See* ECF No. 1, ¶ 4.51; ECF No. 1-1, arbitrator's "Final Award," p. 5, stating:

> NOW THEREFORE, Claimant Michael Evitt is awarded damages of $10,500. Wells Fargo is ordered to refund all amounts in excess of $10,500 paid by Mr. Evitt for the purported cash advances, remove the debt from his credit card account, refrain from collecting monthly payments from Mr. Evitt, cease reporting the debt to credit reporting agencies and report the dispute between Mr. Evitt and Wells Fargo as resolved in his favor.

Regarding Wells Fargo's investigations of Mr. Evitt's disputes, the arbitrator stated:

> In the face of Mr. Evitt's protests that the transactions were not his, **it is startling that Wells Fargo did not obtain the credit card statements for the Bank of America accounts**…**by not following through on its subpoena, it missed important evidence and the opportunity to investigate further the accounts into which the funds flowed, their owners and users, the businesses reflected on the statements as having received payments and the individuals named in connection with some of the $999+ electronic payments**.

*See* ECF No. 1-1, p. 3. (**Emphasis** added).

The arbitrator further found that Wells Fargo's investigation failed to: "…examine Mr. Evitt's computer or mobile device and did not obtain the Bank of America credit card statements. *Id.*, p. 2.

Mr. Evitt did obtain Bank of America documents and provided them to Defendant and the arbitrator. *Id.* Based on the Bank of America documents Mr. Evitt obtained, the arbitrator concluded: "The Bank of America credit card statements suggest highly suspicious accounts

OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS 3:23-cv-06121-BHS

5

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

consistent with some sort of electronic funds scam or fraud. The statements also contain many payment line items of $999+ by electronic transfer not only from Mr. Evitt, but from others, sometimes with names shown and sometimes without." *Id*. The arbitrator further held: "…the arbitrator finds that Claimant did not make or authorize the transactions." *Id*., p. 3, § "*Decision*."

Defendant did not do as the arbitrator ordered on November 17, 2023. By the end of November, the fraudulent balance remained on Mr. Evitt's credit reports. On November 30, 2023, Mr. Evitt disputed to Trans Union. ECF No. 1, p. 11, ¶ 4.57; ECF No. 1-1, p. 19. Mr. Evitt's dispute stated in pertinent part: "**I do not owe this debt**." *Ibid*. (**Emphasis added**). On December 6, 2023, Defendant responded to Mr. Evitt's dispute with: "VERIFIED AS ACCURATE." ECF No. 1-1, p. 21. That same day, Defendant charged Mr. Evitt with another $505 monthly payment on the fraudulent balance. ECF No. 1, p. 10, ¶ 4.55; ECF No. 1-1, p. 8.

On December 7, 2023, Defendant was still credit reporting and attempting to collect the erroneous account balance. ECF No. 1-1, pp. 13-16, credit report dated December 7, 2023.

On December 8, 2023, Mr. Evitt filed the instant action. ECF No. 1.

### III. AUTHORITY

**A. FED. R. CIV. P. 12(C) STANDARD ON MOTION TO DISMISS**

Judgment on the pleadings is only appropriate when taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(c). The standard on a Rule 12(c) Motion is virtually identical to the standard for evaluating a motion to dismiss under Rule 12(b). *Dworkin v. Hustler Magazine Inc*., 867 F.2d 1188, 1192 (9th Cir. 2002). When considering a Fed. R. Civ. P. 12(b)(6) motion, the court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith*

OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS 3:23-cv-06121-BHS

6

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

*Barney, Inc.,* 416 F.3d 940, 946 (9th Cir. 2005). In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Navarro v. Block,* 250 F. 3d 729, 732 (9th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 338 (9th Cir. 1996)) (*emphasis added*). *Navarro v. Block*, 250 F. 3d 729, 732; *Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 663 (9th Cir. 1998). A plaintiff need not allege detailed factual allegations in the complaint, but must provide the grounds of his or her entitlement to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim may be dismissed "only if it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro,* supra.

**B. STANDARD FOR CONVERSION OF RULE 12 MOTION TO A RULE 56 MOTION**

If matters outside the pleadings are introduced on a Fed. R. Civ. P. 12(c) Motion to Dismiss, the Court must treat the motion as a Fed. R. Civ. P. 56 Motion for Summary Judgment. *See* Fed. R. Civ. P. 12(d).

**C. THE FAIR CREDIT REPORTING ACT**

    **1. <u>Defendant's Duties under the Fair Credit Reporting Act.</u>**

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., was enacted by Congress "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47 (2007). In 1996, the

OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS 3:23-cv-06121-BHS

7

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

FCRA was amended to impose duties and civil liability for furnishers of credit information, such as Defendant. *Nelson v. Chase Manhattan Mortg. Corp.,* 282 F.3d 1057, 1060 (9th Cir. 2002).

Section 1681s-2(b) provides:

> (1) In general. After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> (A) conduct an investigation with respect to the disputed information;
>
> * * *
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

The investigation required by § 1681s-2(b)(1)(A) must be a "reasonable investigation." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). "The reasonableness of the procedures and whether the [defendant] followed them will be jury questions in the overwhelming majority of cases." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). "Whether a defendant's investigation [pursuant to § 1681s-2(b)(1)(A)] is reasonable is a factual question normally reserved for trial.") *Gorman,* 584 F.3d at 1155; *Bolton v. Bank of Am.,* 2011 U.S. Dist. LEXIS 35595 at *18 (E.D. Wash. Mar. 18, 2011), *later opinion*, 2011 U.S. Dist. LEXIS 51875 (May 16, 2011) ("[w]hether Defendant behaved reasonably and took appropriate steps to timely correct the credit reporting information present questions of fact which preclude summary judgment").

OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS  3:23-cv-06121-BHS

8

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

In addition to 15 U.S.C. § 1681s-2(b)(1)(B)'s requirement that the furnisher must consider all information forwarded by the CRA, the furnisher cannot ignore what it already knows. *Gorman*, 584 F.3d 1147 n.11 (9th Cir. 2009), stating: "In deciding that the notice determines the nature of the dispute to be investigated, we do not suggest that it also cabins the scope of the investigation once undertaken."

This Court has denied summary judgment to a furnisher when the furnisher knew things from ongoing communications with the consumer but "did nothing more than compare the points of data provided by the CRA with its own records." *McDonald v. OneWest Bank*, 2013 U.S. Dist. LEXIS 31787 at *13 (W.D. Wash. Mar. 7, 2013); *Feldmann v. Lakeview Loan Servicing, LLC* No. 2:20-cv-580-MJP (W.D. Wash. April 20, 2021), 2021 U.S. Dist. LEXIS 80336 at *8-9 (Where consumer disputed directly to furnisher many times prior to disputing to the CRAs, "Defendants' obligations to report correct information does not depend on when they updated their system and their argument ignores their obligations to conduct a reasonable investigation under the FCRA"); See also, *Cheetham v. Specialized Loan Servicing LLC,* No. 2:30-cv-762-JCC-DWC (W.D. Wash. July 19, 2021), 2021 U.S. Dist. LEXIS 223338 at *9 ("although the information contained in a notice of dispute frames the investigation, the furnisher cannot ignore what it already knows"). Other district courts in the Ninth Circuit have agreed that the furnisher cannot just look at what the CRA sent it: "…Defendant should have considered information it received directly from Plaintiff…." *Kim v. BMW Fin. Servs, NA, LLC*, 142 F. Supp. 3d 935 (C.D. Cal. 2015), *aff'd sub nom., Seguntae Kim v. Bmw Fin. Servs. Na Llc,* 702 Fed. Appx. 561 (9th Cir. 2017).

OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS  3:23-cv-06121-BHS

9

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

A mere "data conformity" reinvestigation is not reasonable, and it can qualify as reckless disregard of the requirements of the FCRA. In *Daugherty v. Equifax Info. Servs, LLC,* 2015 U.S. Dist. LEXIS 114679 at *27 (S.D. W. Va. Oct. 26, 2015) the court denied summary judgment to the furnisher because its reinvestigations were only "brief reviews of internal records," not accounting for additional information available to it. While the actual damages in that case were only $6,128, the jury awarded $2,500,000 in punitive damages. *Daugherty v. Ocwen Loan Servicing, LLC,* 2016 U.S. Dist. LEXIS 159583 (S.D. W. Va. Oct. 12, 2016); see also *Daugherty v. Ocwen Loan Servicing, LLC,* 701 Fed. Appx. 246, 249 (4th Cir. 2017) (affirming compensatory damages and determination of willfulness but reducing amount of punitive damages). *See also, Safeco Ins. Co. v. Burr*, 551 U.S. 47, 71 (2007) ("The Court of Appeals correctly held that reckless disregard of a requirement of FCRA would qualify as a willful violation within the meaning of § 1681n(a)."). And, *Rodriguez v. Experian Info. Sols., Inc.*, 2017 U.S. Dist. LEXIS 163695 at *10 – 12 (W.D. Wash., Oct. 3, 2017) (company that obtained consumers' credit reports had an "objectively unreasonable" reading of the FCRA, and whether that was reckless was a fact question for the jury.) In summary, furnishers must act in good faith to seek the truth, and not simply check the box on the ACDV that states the account is "verified."

2. **Defendant Failed to Comply with its Duties under the FCRA**.

In this case, Defendant's investigation of Mr. Evitt's dispute was the opposite of reasonable. Defendant had to ignore months of information in its own files, many previous disputes by Mr. Evitt, and obstinately defy the order of the arbitrator in the forum of Defendant's choice to verify the false balance to Trans Union. Most notably, regarding Wells Fargo's initial investigation, which Wells Fargo should have considered during its investigation of Mr. Evitt's

OPPOSITION TO DEFENDANT'S
MOTION FOR JUDGMENT ON THE
PLEADINGS  3:23-cv-06121-BHS

10

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

dispute to TransUnion, the arbitrator found: "In the face of Mr. Evitt's protests that the transactions were not his, **it is <u>startling</u> that Wells Fargo did not obtain the credit card statements for the Bank of America accounts**…" *See* ECF No. 1-1, p. 3. (**<u>Emphasis</u>** added).

Defendant's arguments are contrary to well-settled law in the Ninth Circuit and in this Court. Defendant's argument that the decision of the arbitrator had not yet been "certified" or that Trans Union's categorizing the dispute as "not mine" do not overcome its obligation to conduct a reasonable reinvestigation that accounted for what Defendant already knew, based on many consumer disputes, lengthy litigation, and the decision of the arbitrator in Defendant's chosen forum. Defendant's argument concerning the language used in the dispute also ignores the reality that Mr. Evitt's dispute stated: "**I do not owe this debt**." ECF No. 1, p. 11, ¶ 4.57; ECF No. 1-1, p. 19. (Emphasis added). Mr. Evitt's dispute could not have been any clearer.

Defendant's obligations under the FCRA to act and report consistently with the arbitration outcome do not depend on whether the arbitrator's decision has been certified, or whether Defendant disagrees. This is factually analogous to *Feldmann v. Lakeview Loan Servicing, LLC*, supra, where the defendants argued that because a loan modification had not yet been "finalized," they did not have to report the consumer as current. This Court, citing *Gorman,* held that a lender's "obligations to report correct information does not depend on when they updated their system and their argument ignores their obligations to conduct a reasonable reinvestigation under the FCRA." *Feldmann v. Lakeview Loan Servicing, LLC* No. 2:20-cv-580-MJP (W.D. Wash., April 20, 2021), 2021 U.S. Dist. LEXIS 80336 at *8-9.

Similar to the defendants in *Feldmann,* Defendant appears to lack adequate procedures to promptly correct false credit reporting following a loss in arbitration that finds in favor of the

OPPOSITION TO DEFENDANT'S
MOTION FOR JUDGMENT ON THE
PLEADINGS  3:23-cv-06121-BHS

11

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

consumer. Waiting for the decision of the arbitrator to be "certified" does not relieve Defendant of its obligations to conduct a reasonable reinvestigation under the FCRA. This argument from Defendant is not well-taken by Plaintiff and is not a basis for dismissal on the pleadings.

Finally, Defendant is obligated by statute to delete unverifiable information. Following many consumer disputes and the decision of an arbitrator in the consumer's favor, Defendant cannot plausibly verify this tradeline and its only legal option was to delete it.

## IV. CONCLUSION

Given the above, this Court should deny Defendant's motion. In the alternative, given the abundance of information contained in Defendant's Motion that falls outside the pleadings, this Court should convert Defendant's Motion to a Motion for Summary Judgment, and deny the motion in favor of more discovery, pursuant to Fed. R. Civ. P. 56(d).

The undersigned counsel certify that this Response contains 3,341 words, in compliance with LCR 7(e)(3).

DATED this 15th day of March, 2024.

Respectfully submitted,

s/*SaraEllen M. Hutchison*
SARAELLEN HUTCHISON (WSBA #36137)
Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South, Tacoma, WA 98402
Telephone: (206) 529-5195
Email: saraellen@saraellenhutchison.com

S//*Robert W. Mitchell*
ROBERT MITCHELL (WSBA No. 37444)
ROBERT MITCHELL ATTORNEY AT LAW, PLLC
1020 N. Washington, Spokane, WA 99201
Telephone:   509-327-2224
Email:       bobmitchelllaw@gmail.com
*Attorneys for Plaintiffs*

OPPOSITION TO DEFENDANT'S
MOTION FOR JUDGMENT ON THE
PLEADINGS  3:23-cv-06121-BHS

12

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that on the 15th day of March, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

DATED this 15th day of March, 2024, at Memphis, Tennessee.

    Respectfully submitted,

    S//*Robert W. Mitchell*
    ROBERT MITCHELL (WSBA No. 37444)
    ROBERT MITCHELL ATTORNEY AT LAW, PLLC
    1020 N. Washington
    Spokane, WA 99201
    Telephone:    509-327-2224
    Email:    bobmitchellaw@gmail.com
    *Attorneys for Plaintiffs*

OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS  3:23-cv-06121-BHS

13

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com