UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL EVITT,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No. 3:23-cv-06121-BHS<br><br>**WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO MOTION TO CONVERT TO SUMMARY JUDGMENT**<br><br>NOTED ON MOTION CALENDAR: MARCH 29, 2024 |

## INTRODUCTION

Wells Fargo moved for judgment on the pleadings, arguing that Mr. Evitt's FCRA claim fails as a matter of law because (1) Mr. Evitt's dispute with TransUnion, which was attached to his Complaint, reports that his account was opened fraudulently, while that is not and has never been his contention; and (2) the Arbitration Award, which forms the sole basis for Mr. Evitt's credit reporting dispute, had not been confirmed or reduced to judgment at the time of his dispute notice (or lawsuit), rendering it ineffective and unenforceable as a matter of law.

Mr. Evitt's Opposition[1] does not squarely address either point. Rather, facially in conflict with the TransUnion Dispute Notice, and in a failure of candor to the Court, Mr. Evitt wholly

---

[1] Mr. Evitt filed an Opposition to the Motion on March 15, 2024, and then subsequently and without leave filed a "Supplemental" Opposition on March 19, 2024. Parties are not permitted to file serial oppositions, rendering the Supplemental Opposition properly stricken. That said, Wells Fargo's references herein to Mr. Evitt's arguments are taken from his later-filed Supplemental Opposition.

WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO MOTION TO CONVERT TO SUMMARY JUDGMENT - 1
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

ignores that the stated "reason" he gave for the dispute was that the account was "opened fraudulently."

> **Item:**
>
> WELLS FARGO CARD SERVICES 446542050983****
>
> **Reasons:**
>
> This account was opened fraudulently.
>
> **Additional comments:**
>
> I do not owe this debt.

But that contention bears no relationship to the nature of his actual claim: unauthorized charges relating to a legitimate account that he opened. His failure to confront that fatal flaw in his Dispute Notice is telling, and for the reasons in the Motion and below, warrants dismissal of his FCRA claim with prejudice.

Likewise, the Opposition *nowhere* disputes that an unconfirmed arbitration award is of no force or effect. Despite not contesting this threshold point, the Opposition nonetheless pervasively relies on the Arbitration Award and its findings as the basis for Mr. Evitt's claim. Mr. Evitt's reliance on the Arbitration Award, which was unconfirmed during all relevant times, and was even the subject of Mr. Evitt's own motion to amend, is legally unsupported and unsupportable and cannot provide the basis for his claim. This point also is dispositive and requires dismissal of his claim.

Rather than confronting the two dispositive bases for dismissal raised in the Motion, the Opposition primarily focuses on Wells Fargo's handling of Mr. Evitt's reporting of unauthorized transactions in 2022 as well as the Arbitrator's findings. But while Mr. Evitt apparently hopes

WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO MOTION TO CONVERT TO SUMMARY JUDGMENT - 2
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

that recounting the entire history of his dispute with Wells Fargo will distract the Court from these fatal flaws and save his claim, nothing in the Opposition can change the fact that the prior investigation is irrelevant to the present dispute, and the Arbitrator's findings – *which included a ruling that Mr. Evitt failed to establish a FCRA violation* – are ineffective until confirmed. The Court should decline Mr. Evitt's redirection away from the dispositive issues Wells Fargo identified and established. In sum, Mr. Evitt provides no sound basis to deny Wells Fargo's Motion, and this Court should grant it in its entirety.

## ARGUMENT

### I. Mr. Evitt Did Not Allege a FCRA Violation Because His Dispute Notice Did Not Identify an Inaccuracy.

As Wells Fargo's Motion explained, while Mr. Evitt's Complaint did not explicitly allege the nature of his TransUnion dispute, it inaccurately implied that the Dispute Notice called out the allegedly unauthorized transactions or the account balance. *See* Compl. ¶ 4.58. It did not. The Dispute Notice, which is appended to the Complaint, instead indicates that the account was "opened fraudulently." Compl., Ex. D. As is clear from the Mr. Evitt's Complaint, Opposition, and even the Arbitration Award, Mr. Evitt has never claimed or contended at any time – including here – that his account was "opened fraudulently." As the Motion also explained, the Dispute Notice defines the scope of the customer's dispute and a furnisher cannot be liable for unreasonably investigating a dispute based on information not provided. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009) (citing 15 U.S.C. § 1681i(a)(2)(A)); *Scharer v. OneWest Bank, FSB*, 2014 WL 12558124, at *6 (C.D. Cal. Sept. 8, 2014). As such, Wells Fargo cannot, as a matter of law, have had a duty to investigate unauthorized transactions when the Dispute Notice states only that the account was opened fraudulently.

The Opposition responds only by (1) arguing that the Dispute Notice is extrinsic to the pleadings and thus not a proper basis for Rule 12(c) relief; (2) counterfactually insisting that the

WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO MOTION TO CONVERT TO SUMMARY JUDGMENT - 3
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

Dispute Notice identified unauthorized charges; and (3) arguing that the Dispute Notice indicating a fraudulently opened account somehow triggered an investigation as to unspecified unauthorized charges relating to a legitimately opened account. Each fails in turn.

### A. Consideration of the Dispute Notice, Which Is Attached to the Complaint, Is Completely Appropriate under Rule 12(b)(6) or 12(c).

Mr. Evitt argues that the Dispute Notice cannot be used to justify dismissal on the pleadings because it is "extrinsic" to the pleadings. *See, e.g.*, Opp'n at 2:6-7, 12-13. This argument lacks any support in the law, as it is well established that "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice" may be considered "without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 990 (9th Cir.), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001) (holding that a court is "not required to accept as true conclusory ***allegations which are contradicted by documents referred to in the complaint***….") (emphasis added); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("We are not, however, required to accept as true ***allegations that contradict exhibits attached to the Complaint*** or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (emphasis added).

### B. The Opposition Improperly and Wholly Ignores the Actual Content of the Dispute Notice.

Review of the Dispute Notice makes clear that the Opposition evinces a serious lack of candor to the Court, as Mr. Evitt's entire argument is based on a demonstrably false description of his own Dispute Notice, which wholly ignores the actual nature of the purported inaccuracy. In a tortured attempt to frame the November 30, 2023 credit reporting dispute so as to concern the unauthorized charges, Mr. Evitt refuses to grapple with the fact that the Dispute Notice in

WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO MOTION TO CONVERT TO SUMMARY JUDGMENT - 4
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

fact reports that "This account was opened fraudulently" and instead repeatedly quotes only the "additional comments," wherein Mr. Evitt vaguely adds: "I do not owe this debt." Opp'n at 11.

Indeed, the Opposition nowhere acknowledges its content, and a review of the actual Notice illustrates the insincerity of Mr. Evitt's position and the fatal flaw in his claim:

> **Item:**
>
> WELLS FARGO CARD SERVICES 446542050983****
>
> **Reasons:**
>
> This account was opened fraudulently.
>
> **Additional comments:**
>
> I do not owe this debt.

Dispute Notice, Compl., Ex. D. The only reasonable reading of the Dispute Notice starts with the stated "Reasons" (that the account was opened fraudulently) and adds additional information to that "reason" by reference to the "additional comments" ("I do not owe this debt."). In other words, Mr. Evitt stated the reason for the dispute as a fraudulent account opening, and on that basis, he does not owe the debt. Dispute Notice, Compl., Ex. D. Notwithstanding the above, Mr. Evitt argues that it "could not have been clearer" from the face of the Dispute Notice that Mr. Evitt was disputing *unauthorized charges* on *his* (legitimately-opened) account, which, in his view, should have led Wells Fargo to review the (unconfirmed) Arbitration Award and zero the account balance. Opp'n at 11.

**C. By Its Terms, the Dispute Notice Could Have Only Given Rise to an Investigation of the Account's Opening, and Thus Does Not State a Claim.**

While Mr. Evitt never acknowledges that the Dispute Notice's reporting the account to

WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO MOTION TO CONVERT TO SUMMARY JUDGMENT - 5
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

have been "opened fraudulently" does not point the furnisher to any alleged inaccuracy, he nonetheless argues that Wells Fargo still should have known that Mr. Evitt was disputing unauthorized charges on a legitimately-opened account, and that Wells Fargo could not "ignore what it already knows."

It is well-established that the Dispute Notice conveys "the nature of the consumer's challenge to the reported debt…." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). Even an expansive reading of the Dispute Notice here would not lead Wells Fargo to reach a different result because Mr. Evitt's account was not fraudulently opened, nor does he allege that it was. Instead, the Opposition places undue weight on a footnote indicating that "in deciding that the notice determines the nature of the dispute to be investigated, we do not suggest that it also cabins the scope of the investigation once undertaken." 584 F.3d at 1157, n.11. While, to be sure, a furnisher may not put proverbial blinders on, that does not change that the required investigation concerns the "disputed information." *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1301 (11th Cir. 2016). For example, the Motion discussed at length the instructive, analogous of *Scharer v. OneWest Bank, FSB*, 2014 WL 12558124, at *6 (C.D. Cal. Sept. 8, 2014), which the Opposition ignores entirely. There, the plaintiff submitted two separate dispute notices – the first as "Not my account, please delete," and a subsequent notice noting that certain foreclosure references on his credit report were inaccurate based on a judgment. *Id.* at *3. The furnishers responded to the first dispute notice by affirming the reporting because it was in fact his account and responded to the second by removing the foreclosure references because he had identified an inaccuracy. *Id.* at *3-4. The court recognized that the furnisher's duty to conduct an investigation was tied to the nature of the dispute, and not a comprehensive review of the account.

Here, Mr. Evitt had the opportunity to frame his credit reporting dispute and by extension the resulting investigation, and chose to describe it as a fraudulent account opening. Thus, Wells

WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO MOTION TO CONVERT TO SUMMARY JUDGMENT - 6
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

Fargo had a duty to investigate whether the account was opened fraudulently. As there has never been any contention of any kind – in the previous arbitration, the Arbitration Award, or the Complaint in this case – that Mr. Evitt's credit card account was "opened fraudulently," there can be no FCRA violation for confirming such reporting as accurate. *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010) (quoting *DeAndrade v. TransUnion LLC*, 523 F.3d 61, 67 (1st Cir. 2008) (holding that a plaintiff cannot prevail on a FCRA claim "without a showing that the disputed information … was, in fact, inaccurate.").

Mr. Evitt's assertion that Wells Fargo "cho[se] to verify the false balance to Trans Union" (Opp'n at 10) is likewise a non-starter. Because the TransUnion Dispute Notice alleged a fraudulently-opened account, Wells Fargo's "verification as accurate" verifies that the account was not fraudulently-opened. Nothing about the dispute or the verification concerned the balance in particular.

Indeed, the position Mr. Evitt urges would require furnishers to investigate accounts without any direction or limitation, as the additional comment of "I do not owe this debt" is impossibly broad without the accompanying "opened fraudulently" reason. Mr. Evitt's interpretation is squarely at odds with Ninth Circuit authority, holding that the dispute notice directs the scope of the inquiry – not that any dispute triggers a whole account review. Any furnisher tasked with investigating Mr. Evitt's credit reporting dispute would investigate whether the account was fraudulently opened, *and on that basis*, whether Mr. Evitt owes the debt.

Finally, as Wells Fargo candidly acknowledged in its Motion, the issue of the reasonableness of an investigation is generally a question of fact. *See Gorman*, 584 F.3d at 1157. However, where, as here, only one conclusion is supported, or the dispute fails to identify any inaccuracy to be investigated, a determination as a matter of law is appropriate. *See id.* While the Opposition repeatedly parrots the general rule, it fails to confront the fact that the dispute notice did not actually identify any inaccuracy, and as a matter of law, Mr. Evitt has not stated a claim.

WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO MOTION TO CONVERT TO SUMMARY JUDGMENT - 7
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

Because there is no dispute that Mr. Evitt's credit card account was, in fact, opened by Mr. Evitt, there can be no FCRA violation as a matter of law based on Wells Fargo's declining to change the reporting in response to his allegation that his account was "fraudulently opened." Mr. Evitt's FCRA claim is not viable, and as such, the Complaint should be dismissed for this threshold reason.

### II. Even if the Arbitration Award Provided a Sound Basis for Changing the Credit Reporting, It Is Not Effective or Enforceable Until Confirmed, Which Mr. Evitt Does Not Dispute.

The sole basis for Mr. Evitt's FCRA claim is his contention that Wells Fargo's reporting of his credit card account is inconsistent with the Arbitrator's Award. Compl. ¶ 4.58. The Opposition argues that Wells Fargo's investigation of his dispute was unreasonable because its investigation "ignore[d] what it already kn[ew]" about "many consumer disputes, lengthy litigation, and the decision of the arbitrator" (Opp'n at 9, 11), but that does not change the fact that the Award is irrelevant until confirmed.

#### A. Mr. Evitt Does Not Dispute that Arbitration Award Is Not Enforceable Until Confirmed.

Mr. Evitt's Opposition does not refute that, even if the Arbitration Award were relevant to this credit reporting dispute, it is not enforceable until confirmed by a court. Confirmation is the process through which a party to arbitration completes the award process under the FAA, as the award becomes a final and enforceable judgment. *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 248 (3d Cir. 2020) (citing 9 U.S.C. § 13). "Because arbitrators are not clothed with judicial power, arbitration awards under the FAA are only viable if enforced by a court. Thus, arbitration awards are only enforceable to the extent the winning party files a motion for confirmation of the award and a court indeed confirms the award." Jonathan A. Marcantel, The Crumbled Difference Between Legal and Illegal Arbitration Awards: Hall Street Associates and the Waning Public Policy Exception, 14 Fordham J. Corp. & Fin. L. 597, 604 (2009); *see*

WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO MOTION TO CONVERT TO SUMMARY JUDGMENT - 8
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

*also Wash. Dep't of Corrections v. Fluor Daniel, Inc.*, 130 Wn. App. 629, 632, 126 P.3d 52, 52 (2005) (holding that an arbitration award is not a final judgment of a court and does not become enforceable as a judgment until confirmed in court). As such, the as-then unconfirmed Arbitration Award cannot form the basis for the purported inaccuracy of his credit reporting.

### B. Mr. Evitt's Reliance on the Arbitrator's Findings About Wells Fargo's Prior Fraud Investigation of the Bill-Pay Charges Is Inappropriate and Misplaced.

Even though Mr. Evitt does not contest the legal fact that an arbitration award is of no force or effect until it is confirmed, he nonetheless focuses heavily on the Arbitrator's findings and comments about Wells Fargo's handling of Mr. Evitt's 2022 report of unauthorized transactions and *previous* investigation of a *different* credit dispute – none of which is relevant to the dispute at issue in this litigation, and none of which is actually in the Complaint.[2] For example, Mr. Evitt's Opposition quotes liberally from the Award about Wells Fargo's investigation of Mr. Evitt's 2022 claim that certain charges were unauthorized, including that Wells Fargo had not successfully obtained the credit card statements for the Bank of America accounts at issue. But these findings concerned Wells Fargo's 2022 determination that Mr. Evitt's charges were authorized – and are irrelevant to Mr. Evitt's December 2023 Complaint.

Moreover, and importantly, the Arbitrator ruled in her Award that Mr. Evitt ***failed to establish a FCRA claim and ruled in Wells Fargo's favor on that claim***. (Arb. Award, Compl., Ex. A at 5.) As such, no credit dispute or investigation that predated the November 17, 2023 Award or the November 30, 2023 Dispute Notice can be included in the claims here.

Moreover, while the Award recommends credit reporting changes consistent with the findings therein, it is important to note that FCRA does not provide for injunctive relief to affect

---

[2] Wells Fargo acknowledges that, as it has argued here, the Court may properly look to documents attached to the Complaint. But Mr. Evitt's Opposition is the first time that he appears to incorporate the Arbitrator's opinions about a prior investigation about a prior dispute as part of his claim here, which is wrong, including because the Award was unconfirmed.

WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO MOTION TO CONVERT TO SUMMARY JUDGMENT - 9
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

credit reporting. *See, e.g.*, *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1146 (N.D. Cal. 2005) (holding that FCRA does not provide for injunctive relief in private suits and any state law providing for injunctive relief for credit reporting is preempted by FCRA); *Ramirez v. MGM Mirage, Inc.*, 524 F. Supp. 2d 1226, 1236 (D. Nev. 2007) (citing *Washington v. CSC Credit Services Inc.*, 199 F.3d 263 (5th Cir.2000)) ("The only circuit and most district courts that have considered the issue have held a private litigant may not pursue injunctive relief under the FCRA…."). Thus, once confirmed, the Award has the effect of a judgment, and the legal effects of the factual findings included therein, but there is in no event an injunction concerning credit reporting in the Award, nor can there be.

Regardless, Wells Fargo's previous investigation of Mr. Evitt's prior dispute has been fully adjudicated by virtue of the Arbitration Award and cannot be relitigated here. Nor can it be collaterally enforced here, particularly before confirmation. The focus of this litigation, as framed in the Complaint, and as it must be, is Wells Fargo's response to Mr. Evitt's November 30, 2023 credit reporting dispute (Compl. ¶ 4.60), which he erroneously contends would have included "examining the documents that pertain to the account, particularly the Arbitrator's 'Final Award.'" Compl. ¶¶ 4.58, 5.7.

Mr. Evitt relies on the readily distinguishable *Feldmann* case to support his point that Wells Fargo is somehow bound by the unconfirmed Award, even though *Feldmann* does not involve an arbitration award at all. Opp'n at 11. *Feldmann* is inapposite for at least two reasons. <u>First</u>, *Feldmann* says nothing about the enforceability of an arbitration award or a furnisher's duty to comply with a court order. To the contrary, *Feldmann* held that a furnisher could not avoid liability for failure to conduct a reasonable FCRA investigation by pointing to an internal delay in updating information in its own system of record. *Feldmann v. Lakeview Loan Servicing, LLC*, Case No. C20-580 MJP, 2021 WF 1627048, *3 (W.D. Wash. 2021). But Wells Fargo has not asserted any delay in updating its records; rather, the Award itself is not of any

WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO MOTION TO CONVERT TO SUMMARY JUDGMENT - 10
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

force or effect to warrant updating reporting until it is confirmed. In other words, whether Wells Fargo had "updated its system to reflect the decision of the arbitrator" (Opp'n at 11) is not at issue. The issue is instead whether Wells Fargo was obligated to comply with an unconfirmed Award as of the date of Mr. Evitt's dispute (November 30, 2023), and the answer is no. As unrefuted by Mr. Evitt, the Arbitration Award has not been confirmed as a judgment, rendering it ineffective as a matter of law. *Fluor Daniel*, 126 P.3d at 54-55 (holding that an arbitration award, like a jury verdict, is not fully liquidated until it is reduced to judgment).

Second, as detailed in the Motion and above, whether Wells Fargo had "updated its system to reflect the decision of the arbitrator" (Opp'n at 11) would not have changed Wells Fargo's response to Mr. Evitt's credit reporting dispute, as the Arbitration Award does not address whether Mr. Evitt's account was "fraudulently opened." The Award purports to direct Wells Fargo to "remove the debt from his credit card account, refrain from collecting monthly payments from Mr. Evitt, cease reporting the debt to credit reporting agencies and report the dispute between Mr. Evitt and Wells Fargo as resolved in his favor." (Arb. Award, Compl., Ex. A.) There is no finding – nor could there be – that Wells Fargo is directed to cease reporting the account on Mr. Evitt's credit due to the account being fraudulently opened. To the contrary, the Arbitration Award confirms that the account belongs to Mr. Evitt. *See, e.g.*, Arb. Award at 1 (referencing "Claimant's checking and credit card accounts"; "Claimant's credit card"; Arb. Award at 2 (referencing "his credit card account"); Arb. Award at 5 (referencing "his credit card account").

In addition to pointing this Court to an Arbitration Award that is neither enforceable nor relevant to the credit reporting dispute at issue in this litigation, Mr. Evitt also inexplicably attempts to focus the Court's attention on Wells Fargo's *discovery* in the arbitration proceeding in early 2023, with respect to its attempts to obtain the Bank of America credit card statements

WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO MOTION TO CONVERT TO SUMMARY JUDGMENT - 11
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

by subpoena. That is not and cannot be the basis for a FCRA claim arising from the November 30, 2023 Dispute Notice.

Mr. Evitt is inappropriately attempting to relitigate a dispute that has been previously adjudicated in the arbitration proceeding. In the event the Arbitration Award were relevant to, and binding on, Wells Fargo's investigation of this credit reporting dispute (and it is not), the starting point for any such evaluation would be the Arbitration Award itself – not conduct leading up to the Arbitration Award. Mr. Evitt's attempt to rehash here whether various credit card charges were unauthorized, or whether Wells Fargo properly investigated *that* dispute, is not properly relitigated a second time here. What Wells Fargo "already knew" in connection with its investigation of *this* dispute is that Mr. Evitt obtained an as yet confirmed Arbitration Award related to an unauthorized charges dispute that has nothing to do with a fraudulent account opening.

To the extent Mr. Evitt seeks to use this action to enforce the unconfirmed Arbitration Award, that is wholly improper. The Arbitration Award is not enforceable until confirmed by a court, which did not occur prior to Mr. Evitt's Dispute Notice. Because the sole basis for Mr. Evitt's FCRA claim is his contention that Wells Fargo's reporting of his credit card account is inconsistent with the Arbitrator's Award, and the Award is not enforceable until it has been confirmed and reduced to judgment, Mr. Evitt's FCRA claim is not actionable.

### III. The Opposition Provides Yet Another Basis for Dismissal of the Complaint by Establishing that Wells Fargo Had Changed the Reporting No Later than December 19, 2023 – Less than Thirty Days After the Dispute.

Mr. Evitt's "Supplemental Opposition" avers and shows by exhibit that Wells Fargo had changed the reporting to "reduce the credit card balance to zero" no later than December 19, 2023.[3] Opp'n at 6. While that information is not relevant to the arguments Wells Fargo raised in

---

[3] In fact, Wells Fargo had ordered this reporting change as of December 8, 2023, though that fact is beyond the pleadings and in any event immaterial to the arguments raised here.

WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO MOTION TO CONVERT TO SUMMARY JUDGMENT - 12
3:23-cv-06121-BHS

its Motion, nor does it provide any legal basis to deny the Motion, it does provide an additional basis to dismiss Mr. Evitt's Complaint.

The Supplemental Opposition not only confirms that Wells Fargo made changes to the reporting, but that it did so within the statutory time period following the Dispute Notice. Indeed, a furnisher's duty to investigate arises upon receipt of a dispute notice, which investigation is to be completed within thirty (30) days of the dispute. 15 U.S.C. § 1681s–2(b)(1)-(2). As Mr. Evitt disputed the credit reporting with TransUnion on November 30, 2023 and the reporting was changed no later than December 19, 2023, Wells Fargo provided the relief he requested by virtue of this litigation within the statutory time period, which further supports dismissal of the Complaint at the outset. *See, e.g.*, *Johnson v. Wells Fargo Home Mortg., Inc.*, 558 F.Supp.2d 1114 (D. Nev. 2008) (holding that "[a] furnisher has thirty (30) days to properly reinvestigate. Thus, no violation can occur until after the 30-day deadline for completing a proper investigation has expired.").

**IV.    There Is No Sound Basis to Convert Wells Fargo's Motion to Summary Judgment Because its Disposition Does Not Depend on Any Facts Outside the Pleadings.**

Without identifying what matters or information to which he refers, Mr. Evitt argues without basis that Wells Fargo's Motion should be converted to a motion for summary judgment because it relies on an "abundance of information" that is "extrinsic to the pleadings." Opp'n at 2, 12. To start, it is evident that Mr. Evitt does not understand that documents attached to and referenced in the Complaint, such as the Dispute Notice and Arbitration Award, are not extrinsic to the pleadings. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Moreover, Wells Fargo did not rely on any material information, let alone an "abundance of information" outside the pleadings in its Motion. Should Mr. Evitt have wanted to seriously urge the conversion of the Motion, the burden is his to identify what material is "extrinsic to the pleadings," and he utterly fails to do so. Notwithstanding his shirking that burden, in an effort to

WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO MOTION TO CONVERT TO SUMMARY JUDGMENT - 13
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

evaluate Mr. Evitt's argument, Wells Fargo carefully compared its Motion with the Complaint and its attached exhibits. Wells Fargo could find only three references to information not in the pleadings – two of which were immaterial and one of which is judicially noticeable.

<u>First</u>, Wells Fargo's Motion noted that it was served with the Arbitration Award on November 20, 2023. The date of service is not material to any argument raised in the Motion, as the salient fact is that it remained unconfirmed at all relevant times. <u>Second</u>, Wells Fargo noted in the Motion that all relief to be afforded under the Arbitration Award has been provided to Mr. Evitt, but this statement is not material to any legal issue raised in the Motion. Wells Fargo maintains that it had no obligations under the Award until its confirmation.

<u>Finally</u>, to the extent Mr. Evitt may refer to the fact that the Arbitration Award was not confirmed either at the time of the November 30, 2023 dispute, or at the time of the December 8, 2023 filing of this Complaint, or indeed until just days ago, that fact is not only undisputed in the moving papers and Opposition, it is a judicially noticeable fact and not a basis to convert the Motion. *See* Docket, attached as Exhibit 1.

## CONCLUSION

The Court should dismiss Mr. Evitt's Complaint in its entirety.

Dated: March 29, 2024        SNELL & WILMER L.L.P.

By: */s/ Kelly H. Dove*
Kelly H. Dove, WSBA No. 58910
kdove@swlaw.com
*Attorneys for Wells Fargo Bank, N.A.*

I certify that this memorandum contains 4,410 words, in compliance with the Local Civil Rules.

4876-4204-1776

WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO MOTION TO CONVERT TO SUMMARY JUDGMENT - 14
3:23-cv-06121-BHS