UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL EVITT,

        Plaintiff,

v.

WELLS FARGO BANK, N.A.,

        Defendant.

CASE NO. C23-6121 BHS

ORDER

THIS MATTER is before the Court on plaintiff Michael Evitt's motion for partial summary judgment on defendant Wells Fargo's affirmative defenses, Dkt. 20.

Wells Fargo's Answer asserted thirteen such defenses:

1. The Complaint **fails to state a claim** upon which relief can be granted.

2. Plaintiff has no **private right of action** against Wells Fargo for its initial furnishing of information to a credit reporting agency.

3. Wells Fargo's **duty to investigate** Plaintiff's credit dispute is only triggered upon receiving notice of the dispute from the credit reporting agency.

ORDER - 1

1    4.    To the extent Wells Fargo received notification of Plaintiff's dispute, Wells Fargo's responses to credit reporting agency disputes were **timely, accurate, and complete**.

5.    At all relevant times, Wells Fargo had in place **reasonable and appropriate procedures** to investigate and verify any and all credit information it was allegedly furnishing.

6.    Wells Fargo's investigations were reasonable under the circumstances and conducted in good faith.

7.    Plaintiff's claims may be barred by the applicable statute of limitations and/or doctrine of laches.

8.    Plaintiff cannot prove Wells Fargo violated FCRA, knew it was violating FCRA, or acted with reckless disregard as to whether it was violating FCRA.

9.    Plaintiff cannot establish any actual damages, including credit denial or monetary damages, with reasonable certainty.

10.    Plaintiff failed to mitigate his damages.

11.    Some or all of Plaintiff's **damages, if any, may have been caused by the acts, omissions, and/or errors of Plaintiff and/or others**. Thus, any damages are barred or reduced by the contributory and comparative negligence of Plaintiff or others.

12.    Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

13.    Plaintiff lacks standing because Plaintiff suffered no injury in fact.

Dkt. 6 at 9–10.

Evitt contends that there is no evidence to support most of these defenses, and asks the Court to dismiss them as a matter of law. He does not seek summary judgment on Wells Fargo's affirmative defenses 8, 9, and 12. Dkt. 20.

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52. The moving party bears the initial burden of showing that there is no evidence that supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

1     Wells Fargo's response concedes (or "does not strongly contest") that the six

2 **bolded** defenses above are denials, not affirmative defenses. Dkt. 24 at 4. It thus has not

3 met its summary judgment burden on them. Evitt's motion for summary judgment on

4 Wells Fargo's affirmative defenses 1, 2, 3, 5, and 11 is therefore **GRANTED**.

5     Wells Fargo also concedes that Evitt's suit was timely, and that its limitations

6 period affirmative defense (No. 7) as to his 2023 dispute notice does not apply. It argues

7 that, to the extent Evitt "seeks claims or damages that predate that period," it should be

8 permitted to assert such a defense in the future. Dkt. 24 at 5. There is no evidence

9 supporting this conditional reservation of a defense as to unidentified (and unpled) claims

10 or damages that presumably arose prior to 2020. Evitt's summary judgment motion on

11 this defense is **GRANTED**.

12     Wells Fargo also concedes that because Evitt seeks statutory damages, he does not

13 have a duty to mitigate, and that therefore that it "need not maintain" a mitigation

14 affirmative defense (No. 10). Dkt. 24 at 5. It is true that Evitt asserts a claim for statutory

15 damages, but he also seeks "actual, compensatory, general, consequential, and punitive"

16 damages. Dkt. 1 at 14–15. Wells Fargo has not met its summary judgment burden of

17 providing evidence supporting its mitigation affirmative defense as to any such damages.

18 Evitt's summary judgment motion on this affirmative defense is **GRANTED**.

19     Finally, Wells Fargo concedes that its "standing" affirmative defense (No. 13) is

20 not in fact an affirmative defense. Dkt. 24 at 6 (citing *Kanaan v. Yaqub*, 709 F. Supp. 3d

21 864, 869 (N.D. Cal. 2023), and others). It does not, and could not successfully, contend

22

that Evitt does not have standing. Evitt's motion for summary judgment on this affirmative defense is **GRANTED**.

Wells Fargo does not address Evitt's motion as to its affirmative defenses of a "reasonable investigation" (No. 6), or laches (No. 7). Evitt's summary judgment motion as to those defenses is **GRANTED**.

The remaining affirmative defenses—Evitt "cannot prove Wells Fargo knew it was violating FCRA" (No. 8), Evitt "cannot establish actual damages" (No. 9), and Evitt "does not allege facts sufficient to …request punitive damages" (No. 12)—are not addressed in Evitt's motion, but they are not affirmative defenses. These issues will be addressed in the jury instructions.

Evitt's motion for partial summary judgment is **GRANTED** and Wells Fargo's affirmative defenses Nos. 1, 2, 3, 4, 5, 6, 7, 10, 11, and 13 are **DISMISSED** with prejudice. It remains Evitt's burden to establish the elements of his claims.

**IT IS SO ORDERED**.

Dated this 14th day of July, 2025.

BENJAMIN H. SETTLE
United States District Judge