SaraEllen Hutchison (WSBA # 36137)                    THE HONORABLE JUDGE SETTLE
LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
1102 A ST STE 300 PMB 66
Tacoma, WA 98402
Telephone:      206-529-5195
Email:          saraellen@saraellenhutchison.com

Robert W. Mitchell (WSBA #37444)
ROBERT W. MITCHELL, ATTORNEY AT LAW, PLLC
1020 N. Washington, Spokane, WA  99201
Telephone:      360-993-5000
Email:          bobmitchellaw@yahoo.com

*Attorneys for Plaintiff, Michael Evitt*

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON AT TACOMA

MICHAEL EVITT,

               Plaintiff,

      v.

WELLS FARGO BANK NA,

              Defendant.

NO.  3:23-cv-06121-BHS

**PLAINTIFF'S MOTIONS IN LIMINE**

**NOTE ON MOTION CALENDAR:**

**AUGUST 25, 2025**

**(PRETRIAL CONFERENCE)**

PLAINTIFF, through counsel, respectfully submits the following Motions in *Limine*.

## I.      INTRODUCTION

This case involves a jury trial to determine Defendant's liability for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681s-2(b)). The jury will also determine Plaintiff's compensatory damages, statutory damages, as well as punitive damages. To that end, Plaintiff requests the following relief:

1.  An Order, before trial and selection of the jury, instructing Defendant and its attorneys and witnesses not to directly or indirectly mention, refer to, interrogate concerning, or

attempt to convey to the jury in any manner, without first obtaining the permission of the Court, after full hearing:

   a. Facts not relevant to the issues before the trier of fact, including the fact that Plaintiff brought and resolved separate lawsuits against the Credit Reporting Agencies, Bank of America, N.A., and Ferrell Calhoun, and the outcome/settlement of those cases.

   b. Other facts not relevant to the issues before the trier of fact: "Serial litigant" arguments are not relevant.

   c. Arguments made by Defendant that have already been disposed of by this Court in its rulings on Defendant's Motion for Judgment on the Pleadings (Motion, Dkt. 10; Order, Dkt. 15), and Defendant's Response to Plaintiff's Motion for Summary Judgment (Response, Dkt. 24; Order, Dkt. 26), including but not limited to argument, testimony or reference to the assertion that Plaintiff is "responsible" for his damages, "failed to mitigate his damages," or was in any other way contributorily at fault.

   d. Testimony of lay witnesses lacking personal knowledge, including argument, testimony or implication that Plaintiff, a lay witness, is an "expert" on the kind of consumer banking cybercrime that was perpetrated against him simply because Plaintiff works in cybersecurity for the military.

   e. Evidence concerning Plaintiff's monetary motives for bringing this case.

   f. References to attorneys' fees.

   g. Evidence or reference to benefits from a collateral source, including settlements.

PLAINTIFF'S MOTIONS IN LIMINE                    2
NO. 3:23-cv-06121-BHS

h. "Failure" to call a witness, including Plaintiff's choice to not use expert testimony.

i. Evidence or reference to the use of proceeds or taxation of proceeds.

j. Argument on reducing damages to present value.

k. Information or reference to advice of counsel or attorney client protected materials.

l. Evidence, testimony, or reference to Defendant's theory that as an experienced cybersecurity professional, Plaintiff could have committed, or did commit, fraud upon himself, Wells Fargo, Bank of America, or any other government agency or entity involved in Plaintiff's multiple disputes.

m. Evidence, testimony, or reference to the rejected defense theory that Arbitration Awards are only enforceable after they are confirmed by the Court.

n. Evidence, testimony, or reference to Defendant's theory that no facts or evidence are relevant to reasonableness of Wells Fargo's investigation unless those facts relate to Wells Fargo's actions or inactions after Wells Fargo received Mr. Evitt's final dispute from the Credit Reporting Agencies, in November of 2023.

o. Reference to Plaintiff's Motion(s) in *Limine*.

2. An Order, before trial and selection of the jury, directing Defendant's attorneys to instruct, warn and caution each and every one of Defendant's witnesses to strictly follow the Order entered by the Court in connection with this Motion.

3. An order excluding non-party witnesses pursuant to FRE 615.

PLAINTIFF'S MOTIONS IN LIMINE          3
NO. 3:23-cv-06121-BHS

## II.    MOTIONS IN LIMINE

### 1. *Introduction of evidence that is not relevant.*

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence means "evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more or less probable..." Fed. R. Evid. 401. "The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, Defendant must not be permitted to present certain arguments and facts at trial because these facts and arguments are either not relevant, or their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. Each of these facts and arguments will be discussed in turn.

### a. *Facts pertaining to CRA and Bank of America case outcomes are not relevant to the issues before the jury*:

Evidence of the outcomes of Plaintiff's actions against other entities are not relevant at trial, and to the extent they are relevant at all, such issues are handled post-trial. See *Cheetham v. Specialized Loan Servicing LLC,* 2:20-cv-00762-JCC-DWC, Dkt. 65, 2021 WL 2137823, at *1-2 (W.D. Wash. May 26, 2021) (denying furnisher defendant's motion to compel plaintiff to disclose settlements with dismissed consumer reporting agencies because "courts have found FCRA defendants do not enjoy rights of contribution or indemnity to prevent double recovery and, thus, settlement information is not relevant.")

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

In *Kirkpatrick v. Equifax Info. Serv., LLC,* Case No. CV 02-1197-MO, Dkt. 198 [U.S. Dist. LEXIS 58851, 2005 WL 1231485] (D. Or. Jan. 1, 2005), the District of Oregon granted a Motion in *Limine* to preclude evidence of claims against and settlements with other defendants. The District of Oregon granted a similar motion in *Valentine v. Equifax Info. Serv., LLC*, 543 F. Supp. 2d 1232 (D. Or. Oct. 4, 2007) (Dkt. 68). See also *Dreher v. Experian Info. Solutions, Inc.,* No. 3:11-cv-624, Dkt. 255, [2015 U.S. Dist. LEXIS 120899]  (E.D. Va. Mar. 20, 2015) (seeking to exclude reference to nature of fee-shifting statute and prior settlements with other defendants), rev'd on other grounds, *Dreher v. Experian Info. Solutions, Inc.,* 856 F.3d 337 (4th Cir. 2017); *Pennington v. Midland Credit Mgmt., Inc.,* 2010 U.S. Dist. LEXIS 80534 (E.D. Va. Aug. 9, 2010) (holding settlements with other defendants not relevant); *Anderson v. Equifax Info. Servs., LLC,* No. CV-05-1741-ST, Dkt. 139, [2007 U.S. Dist. LEXIS 61937] (D. Or. Aug. 2, 2007) (same).

Here, reference to the outcomes of Plaintiff's lawsuits against the Credit Reporting Agencies, Bank of America, and Ferrell Calhoun (the individual alleged to have masterminded the identity theft against Plaintiff and other victims) and the fact that he sued these other entities, are not relevant. The value of such evidence is more prejudicial than probative. Such evidence would also lead to juror confusion.

**RESULTS OF THE PARTIES' MEET-AND-CONFER:** Defendant does not stipulate to this motion in limine.

   **b.** ***"Serial litigant," "serial plaintiff," and similar arguments are not relevant***:

Generally, parties may use underlying evidence from prior litigation, "[b]ut the Parties may not describe the details or nature of the prior suits, use pejorative descriptions of those cases,

PLAINTIFF'S MOTIONS IN LIMINE    5
NO. 3:23-cv-06121-BHS

or suggest that [Plaintiff] is overly litigious." *Gill v. Magan,* No. 2:19-cv-00860-MJP [2021 U.S. Dist. LEXIS 78754] (W.D. Wash. April 23, 2021).

Evidence of a plaintiff's previous complaints or lawsuits against other defendants is properly excluded pursuant to Rule 403 and 404(b) where it would "unfairly suggest that [Plaintiff] is a troublemaker who is not to be believed, without any substantial probative benefit." *Larock v. Albany County Nursing Home,* No. 1:19-cv-0604, [2024 U.S. Dist. LEXIS 193918] (N.D.N.Y. Oct. 24, 2024) (nursing home abuse case; collecting cases).

The number of district court opinions addressing inadmissibility of FCRA settlements with dismissed defendants, *supra,* reveal that it is not unusual for consumers to need to bring multiple FCRA lawsuits, or sue multiple entities (or even multiple lawsuits against the same entity, as here) because of credit reporting inaccuracies. This provides additional support for excluding the fact that Plaintiff brought lawsuits against the CRAs, another bank, and an individual perpetrator. While the line of FCRA cases could lead to a reasonable inference that prior cases against a type of defendant can say more about an industry than it says about the plaintiff, this is another reason why such evidence of lawsuits against other defendants is more confusing and prejudicial than probative.

**RESULTS OF THE PARTIES' MEET-AND-CONFER:** Defendant stipulated to not using disparaging or inflammatory characterizations like "serial litigant" and "professional plaintiff." Defendant did not stipulate to the remainder of this motion in limine.

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

1

2

      *c.*   ***Argument, testimony or reference to mitigation and other affirmative defenses or arguments that are not affirmative defenses already decided by the Court***

3

      Any argument, testimony or reference to "cannot state a claim," "no private right of

4

action," "no duty to investigate," "reasonable procedures in place," "reinvestigations were

5

reasonable under the circumstances and done in good faith," "statute of limitations or laches,"

6

"lack of standing," "failure to mitigate," and "contributory fault" are all properly excluded

7

because they have already been dismissed by this Court (Dkt. 26). Allowing Defendant to present

8

such impertinent material the jury would only serve to cause juror confusion and prolong the

9

trial.

10

11

**RESULTS OF THE PARTIES' MEET-AND-CONFER:** Defendant acknowledged the

12

Court's rulings and agreed that the Court has foreclosed certain arguments, but disagrees with

13

the breadth of this motion in limine and therefore Defendant does not stipulate.

14

      **d.**   ***Testimony of lay witnesses lacking personal knowledge.***

15

      It is black-letter law that such testimony is not relevant or admissible. FRE 602; 701;

16

401; 402; 403 Lay witnesses may only testify to matters on which they have "personal

17

knowledge." Fed. R. Evid. 602. A lay witness also cannot give opinion testimony unless it is "(a)

18

19

rationally based on the perception of the witness, (b) helpful to a clear understanding of [the

20

witness's testimony] or the determination of a fact in issue, and (c) not based on scientific,

21

technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701; *U.S.*

22

*v. Durham,* 464 F.3d 976 (9th Cir. 2006). "Courts have found lay witness testimony unhelpful

23

24

and thus inadmissible if it is mere speculation, an opinion of law, or if it usurps the jury's

25

26

PLAINTIFF'S MOTIONS IN LIMINE       7

NO. 3:23-cv-06121-BHS

*Law Office of SaraEllen Hutchison, PLLC*
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

1    function." *Sudre v. The Port of Seattle,* No. C15-928-JLR (W.D. Wash., Dec. 2, 2016) *citing Cal.*
2    *Found. for Indep. Living Ctrs.,*142 F. Supp. 3d 1035, 1045 (E.D. Cal., Nov. 4, 2015).

3          No lay witness of Defendant should be permitted to testify regarding Plaintiff's damages,
4    because only Plaintiff has personal knowledge of his damages.

5          Furthermore, simply because Plaintiff is employed in military cybersecurity does not
6    make him an "expert" on the precise kind of cybercrime perpetrated against him. In the complex
7    and ever-evolving world of technology and cybercrime, "cybersecurity" is arguably as broad as
8    "surgeon" or "lawyer." While a surgeon is a type of doctor, there are myriad specialties; a hand
9    surgeon cannot be expected to have expert knowledge on par with a brain surgeon – or even a
10   foot surgeon. The depth of knowledge of a criminal defense lawyer in their subject matter is
11   likewise as different as the knowledge possessed by the lawyers on both sides of this case.
12   Plaintiff anticipates that Defendant may attempt to shoehorn improper, already disposed-of
13   arguments that Plaintiff was somehow to blame for not preventing or stopping the crime that was
14   perpetrated against him by attempting to elicit expert opinion testimony from him and then
15   impeach him with it. Plaintiff is a layperson; he is not a banking expert or banking cybersecurity
16   professional, and opinion testimony from him would only confuse the jury.

17   **RESULTS OF THE PARTIES' MEET-AND-CONFER:** Defendant agrees to not refer to
18   Plaintiff as an "expert," but rejected the other limitations sought through this motion. Defendant
19   takes issue with the breadth/scope of this motion in limine.

22         *e.   **Evidence concerning Plaintiff's monetary motives for bringing the case.***

23         Defendant may attempt to inflame the jury by claiming that Plaintiff is in this case "for
24   the money" or similar suggestions. By denigrating Plaintiff's motives, Defendant would

PLAINTIFF'S MOTIONS IN LIMINE                    8
NO. 3:23-cv-06121-BHS

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

contravene Congress' express intent that Plaintiff **properly has** such a monetary motive because the FCRA provides for actual damages, statutory damages, punitive damages, and attorney's fees.  Defendant may try to recast the relief sought as litigious or otherwise greedy, but that would contravene the statute and be both prejudicial and confusing. Accordingly, testimony or evidence regarding Plaintiff's motives in bringing this lawsuit is immaterial, irrelevant, and prejudicial.  *See* R. 401 & R. 403.

Occasionally, some defense attorneys have argued that civil plaintiffs are merely seeking to get rich just as one might by "purchasing a lottery ticket" or some similar reference. Objections are consistently sustained, but this is improper conduct and the objectionable reference is then before the jury. This type of reference is obviously improper for several reasons, including the following: a) It is irrelevant to the issues of the case. FRE 402; b) It is prejudicial and misleading to the jury. FRE 403; and c) It misconstrues and demeans our system of justice, and encourages the jury to treat the case frivolously.  Reference to a lottery or other game of chance improperly suggests that a jury verdict may be based upon speculation, conjecture and guess, rather than on the evidence of the case.  "The rule is well established that the existence of a fact or facts cannot rest in guess, speculation or conjecture." *Home Ins. Co. v. Northern Pac. Ry.*, 18 Wn.2d 798, 802, 803, 140 P.2d 507 (1943).

**<u>RESULTS OF THE PARTIES' MEET-AND-CONFER:</u>** Defendant agrees to not use "denigrating" or "demeaning" language about Plaintiff, including "lottery ticket," "game of chance," and other inflammatory terms.  Defendant objects to a wholesale ban on inquiring about Plaintiff's motives for pursuing this lawsuit.

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

1    *f.*   ***Reference to Attorney's Fees.***

2       The court, not the jury, determines attorney's fees under the FCRA. 15 U.S.C.

3   §§1681n(3) and 1681o(2). "The award of attorney fees is a matter for the judge not the jury."

4   *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991).  The Ninth Circuit reasoned:

5

6           In a case where the Plaintiff is entitled to compensatory damages, informing the
            jury of the Plaintiff's potential right to receive attorneys' fees might lead the jury
7           to offset the fees by reducing the damage award.  Even more troubling, however,
            is the case where actual damages are small or non-existent.  When damages are
8           nominal, there is a risk that the jury may believe that the "harm" does not justify
            the payment of a large fee award.  **The jury may thus decide to find for**
9           **Defendant rather than allow the Plaintiff's attorney to recover fees**.

10  *Id*. (emphasis added).

11      Accordingly, evidence of Plaintiff's attorney's fees attributable to the instant federal

12  action should be precluded as wholly irrelevant.  Fed. R. Evid. 401.

13  **RESULTS OF THE PARTIES' MEET-AND-CONFER:** Defendant stipulates to this motion

14  in limine.

15      *g.*   ***Benefits from a Collateral Source.***

16      Ordinarily, no mention, comment, question, argument, or other reference whatsoever

17  should be made to the fact that any party has received, has been entitled to receive, will receive,

18  or will become entitled to receive, benefits of any kind or character from a collateral source,

19  including, but not limited to (a) collateral insurance coverage; (b) welfare or other social

20  legislation benefits; or (c) gratuitous payments or benefits.  The fact that a party may have

21  received benefits from collateral insurance coverage, from public assistance or gratuitous

22  payments or benefits "does not operate to lessen the damages recoverable from the wrongdoing."

23

24  *Cox v. Spangler*, 141 Wn.2d. 431, 5 P.3d. 1265 (2000); *Johnson v. Weyerhaeuser Co.*, 134

25

26  PLAINTIFF'S MOTIONS IN LIMINE          10
    NO. 3:23-cv-06121-BHS

Wn.2d 795, 798, 953 P.2d 800 (1998); *Cox v. Lewiston Grain Growers, Inc.,* 86 Wn.App. 357, 375, 936 P.2d 1191 (1997).

Here, consistent with the reasons for excluding evidence of the fact that Plaintiff filed and has resolved actions against other entities, there is no proper place for arguments or speculation that there is some other source of money somewhere for Plaintiff.

**RESULTS OF THE PARTIES' MEET-AND-CONFER:** Defendant does not stipulate to this motion in limine.

### h. *"Failure" to Call a Witness.*

No reference to the "failure" of Plaintiff to call a doctor or any other witness should be permitted. *Carlos v. Cain*, 4 Wn. App. 475, 481 P.2d 945 (1971). Expert testimony and medical testimony are absolutely not required to prove emotional distress. *See, e.g. Zhang v. American Gem Seafoods, Inc.,* 339 F.3d 1020, 1040 (9th Cir. 2003). Emotional distress "may be proven by reference to injured party's conduct and observations by others." *Zhang, supra,* citing *Carey v. Piphus,* 435 U.S. 247, 264 n. 20, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).

Here, Plaintiff's testimony and the testimony of Plaintiff's witnesses is sufficient to establish Plaintiff's emotional distress proximately caused by Defendant's statutory violations. The jury will be able to determine the amount of Plaintiff's damages from hearing his testimony. Defendant must not be permitted to refute Plaintiff's damages by mentioning or arguing that Plaintiff lacks medical or other expert testimony.

**RESULTS OF THE PARTIES' MEET-AND-CONFER:** Defendant does not stipulate to this motion in limine.

PLAINTIFF'S MOTIONS IN LIMINE                    11
NO. 3:23-cv-06121-BHS

### i. *Use of Proceeds; Taxation of Proceeds*.

Any reference to the purpose or manner to which Plaintiff may or may not apply any proceeds of this action is irrelevant and likely to prejudice or confuse the jury. Fed. R. Evid. 401, 402, 403.

The fact that any recovery by the Plaintiff either would or would not be subject to federal income tax or any other form of taxation is irrelevant. The case of *Hinzman v. Palmanteer*, 81 Wn.2d 327, 501 P.2d 1228 (1972) has definitively set forth the rule with regards to income tax. See also, *Boeke v. International Paint Co.,* 27 Wn. App. 611, 620 P.2d 103 (1980).

**RESULTS OF THE PARTIES' MEET-AND-CONFER:** Defendant stipulates to this motion in limine.

### j. *Limitation on Reducing Damages to Present Value*.

No colloquy or argument by the defense should be permitted whatsoever attempting to relate general damages to investments, interest rates, or rate of return, or otherwise expressly or impliedly indicating to the jury that general damages should be reduced to present value. *See* WPI 34.02.  The law is clear that general damages are not to be reduced to present value.  The defense should not be allowed to argue the inverse of that rule by suggesting to the jury that any amount received now, if deposited in a banking institution, would receive a specified rate of interest over a period of time, thus resulting in Plaintiff ending up with a substantially larger amount if properly invested.

**RESULTS OF THE PARTIES' MEET-AND-CONFER:** Defendant stipulates to this motion in limine.

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

**k.** ___Advice of Counsel and Attorney Client Protected Materials and Conversations.___

Defendant should be prohibited from making any reference to the circumstances surrounding Plaintiff's legal consultation or advice from their attorneys, including when the attorney was retained and the terms/conditions of retention. Such reference is irrelevant and would serve only to confuse the jury and potentially cause prejudice. *State v. Sexsmith*, 186 Wash. 345, 57 P.2d 1249 (1936); Fed. R. Evid. 402.

**RESULTS OF THE PARTIES' MEET-AND-CONFER:** Defendant stipulates to this motion in limine.

**l.** ___Plaintiff as the Perpetrator.___

Defendant has cast Plaintiff as the perpetrator, not the victim, of the fraud committed against him. See PLF – 001293-94, where Wells Fargo stated in pertinent part:

> Why did Mr. Evitt do this? I – I can't answer that for him. We have heard that he's a cybersecurity expert, that he's familiar with fraud. If he wanted to make this look unauthorized, if I were trying to make this look unauthorized, doing this in 18 different transactions will probably, you know, as they've argued, look more suspicious than a single large transaction. I don't - - I'm not in Mr. Evitt's head. So I - - I cannot explain. Maybe he thought he could get away with it because of his expertise. Maybe he thought he could beat the system. Clearly, he didn't know about device IDs, but, you know, different - - different login locations, I - - that would be speculation. I can't answer what his motives are or why he would have done this. But we are going by the facts that we have. And the facts that we have establish conclusively that these transactions were not unauthorized…

Allowing Wells Fargo to repeat this behavior at trial would confuse the jury and be more prejudicial than probative. More importantly, it has been established as a matter of law that Plaintiff did *not* commit this fraud. See ECF No. 1-1, pp. 3-4, Award of Arbitrator, stating: "The

PLAINTIFF'S MOTIONS IN LIMINE    13
NO. 3:23-cv-06121-BHS

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

Bank of credit card statements suggest highly suspicious accounts consistent with some sort of electronic funds scam or fraud."  See also *id*., p. 4, "Decision" stating in pertinent part:

> The overarching factual issue for determination is whether Mr. Evitt added Bill Pay and overdraft protection to his account and then either made or authorized someone else to make the Bill Pay electronic transfers to the two Bank of America credit card accounts.  For the reasons set forth below, the Arbitrator finds that Claimant did not make or authorize the transactions. The Arbitrator finds Mr. Evitt's testimony credible. There is no apparent reason or advantage to Mr. Evitt in making the transactions, and there is substantial disadvantage. He testified that defaulting on payments to Wells Fargo would risk his security clearance, necessary for his work, and so he and his wife are paying for the cash advances at extraordinary rates of interest. There is nothing in the record that suggests Mr. Evin participated in a scam or fraud with the credit card holder or businesses identified in the statements or that he benefited from the transactions.

Re-litigation of the above-referenced issues during a trial to determine whether Wells Fargo injured Mr. Evitt by failing to conduct a reasonable investigation in response to Mr. Evitt's credit disputes would confuse the jury, be completely unnecessary and redundant, and cause unnecessary prejudice.

**RESULTS OF THE PARTIES' MEET-AND-CONFER:** Defendant does not stipulate to this motion in limine. Defense counsel argued that the arbitration award has no "preclusive effect" on Defendant arguing this issue to the jury.  Defense counsel stated that she has never used the term "fraud."  She agreed to not accuse Plaintiff of committing "fraud" at trial. However, she stated: "I want to be clear for the record that I still do not believe Mr. Evitt's story."

> **m.  *Reference to a requirement that Arbitration Awards are unenforceable unless confirmed by a Court*.**

Defendant alleged that Defendant's investigation of Plaintiff's dispute was not unreasonable because the State Court had not yet confirmed the Arbitrator's Award.  See ECF

No. 10, Motion to Dismiss, p. 2, lines 12 – 13, stating: "As the award is of no force or effect until it is confirmed, it can in no event be the basis for a claim of inaccurate report."  See also ECF No. 15, Order Denying Motion to Dismiss, p. 8, lines 3 – 9, stating:

> In any event, Wells Fargo has cited no authority supporting its repeated, inaccurate claim that the unconfirmed arbitration award had no meaningful impact on it, and that it remained free to attempt to collect, and report as accurate, a debt the arbitrator explicitly ruled Evitt did not owe, and which she expressly ordered Wells Fargo to cease reporting. Dkt. 1-1 at 5-6. Such a rule would be nonsensical.  Even if the award is more like a jury verdict, a trial court's memorandum opinion (like this one), or a temporary restraining order, rather than a final judgment, it is binding on Wells Fargo.

Given this Court's Order on this specific defense theory, Plaintiff respectfully requests that this Court issue an Order preventing Defendant from restating this inaccurate claim to the jury.

**RESULTS OF THE PARTIES' MEET-AND-CONFER:** Defendant does not stipulate to this motion in limine.  Defense counsel argued that the Court's previous rulings have no "preclusive effect" on Defendant arguing this issue to the jury.

### *n.   Facts related to Plaintiff's disputes to the Credit Reporting Agencies.*

Defendant has suggested that the facts presented to the jury should be limited to Wells Fargo's actions/inactions *after* Wells Fargo received Plaintiff's dispute from Trans Union, in November of 2023. However, when a Credit Reporting Agency like Trans Union provides Wells Fargo with notice of a dispute, Wells Fargo has a duty to conduct a "reasonable" investigation. *Gorman v. Wolpoff & Abramson, LLP*, 584 F. 3d 1147, 1155 (9th Cir. 2009). A reasonable investigation necessarily "requires some degree of careful inquiry." *See id*., citing *Johnson v. MBNA Am. Bank, NA*, 357 F. 3d 426, 429-31 (4th Cir. 2004).  "…a superficial, un reasonable

PLAINTIFF'S MOTIONS IN LIMINE
NO. 3:23-cv-06121-BHS

15

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

inquir[y]" would hardly satisfy Congress' objective." *Id.* at 431. A "cursory or sloppy review of the dispute" is unreasonable. *Id.* "A provision that required only a cursory investigation … would allow furnishers to escape their obligations by merely rubber stamping their earlier submissions, even where circumstances demanded a more thorough inquiry. *Johnson*, 357 F. 3d, at 1156.

Given the above, this Court has denied summary judgment to a furnisher when the furnisher knew things from ongoing communications with the consumer but "did nothing more than compare the points of data provided by the CRA with its own records." *McDonald v. OneWest Bank*, 2013 U.S. Dist. LEXIS 31787 at *13 (W.D. Wash. Mar. 7, 2013). Other district courts in the Ninth Circuit have agreed that the furnisher cannot just look at what it received from the CRA: "…Defendant should have considered information it received directly from Plaintiff…." *Kim v. BMW Fin. Servs, NA, LLC*, 142 F. Supp. 3d 935 (C.D. Cal. 2015), *aff'd sub nom., Seguntae Kim v. Bmw Fin. Servs. Na Llc,* 702 Fed. Appx. 561 (9th Cir. 2017). A mere "data conformity" reinvestigation is not reasonable and can qualify as reckless disregard of the requirements of the FCRA.

In *Daugherty v. Equifax Info. Servs, LLC*, 2015 U.S. Dist. LEXIS 114679 at *27 (S.D. W. Va. Oct. 26, 2015) the court denied summary judgment to the furnisher because its reinvestigations were only "brief reviews of internal records," not accounting for additional information available to it. While the actual damages in that case were only $6,128, the jury awarded $2,500,000 in punitive damages. *Daugherty v. Ocwen Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 159583 (S.D. W. Va. Oct. 12, 2016); see also *Daugherty v. Ocwen Loan Servicing, LLC*, 701 Fed. Appx. 246, 249 (4th Cir. 2017) (affirming compensatory damages and determination of willfulness but reducing amount of punitive damages). See also, *Safeco Ins.*

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

*Co. v. Burr*, 551 U.S. 47, 71 (2007) ("The Court of Appeals correctly held that reckless disregard of a requirement of FCRA would qualify as a willful violation within the meaning of § 1681n(a)."). And see, *Rodriguez v. Experian Info. Sols., Inc.*, 2017 U.S. Dist. LEXIS 163695 at *10 – 12 (W.D. Wash., Oct. 3, 2017) (company that obtained consumers' credit reports had an "objectively unreasonable" reading of the FCRA, and whether that was reckless was a fact question for the jury.)

In *Gorman*, the Ninth Circuit found the furnisher's investigation reasonable, in part because the furnisher "[R]eview[ed] the account notes and check[ed] with the fraud department to determine whether there had ever been a fraud claim submitted with respect to the account." *Gorman*, 584 F. 3d, at 1158. *See also id*., at 1159-60, stating: "But MBNA's investigation was more thorough than simply a review of bare account data. The review of internal records revealed that MBNA had previously investigated … the dispute…"

In summary, furnishers must act in good faith to seek the truth and not simply check the box on the ACDV that states the account is "verified as accurate."

**RESULTS OF THE PARTIES' MEET-AND-CONFER:** Defendant does not stipulate to this motion in limine.

### o. *Reference to Plaintiff's Motions in Limine*.

Wells Fargo should be prohibited from any reference to Mr. Evitt's Motions in *Limine* or the court's ruling on the Motions. It is improper to state or imply to the jury that a party has sought to exclude evidence bearing on the issues in a case or on the rights of the parties. Reference to the bringing a motion in *limine* or to court rulings on the motion would be irrelevant under ER 402, and confusing and prejudicial under ER 403.

PLAINTIFF'S MOTIONS IN LIMINE                         17
NO. 3:23-cv-06121-BHS

**RESULTS OF THE PARTIES' MEET-AND-CONFER:** Defendant stipulates to this motion in limine.

### 2. Compliance with the Court's Order(s) on Motions in *Limine*.

Plaintiff requests an Order, before trial and selection of the jury, directing Defendant's attorneys to instruct, warn, and caution each and every one of Defendant's witnesses to strictly follow this Court's Order(s) on the parties' Motions in *Limine*.

**RESULTS OF THE PARTIES' MEET-AND-CONFER:** Defendant stipulates to this motion in limine.

### 3. *Exclusion of witnesses under Fed. R. Evid. 615.*

Upon request of a party, the Court shall require the exclusion of all potential witnesses, except the parties, from being present in the courtroom during the taking of testimony. Fed. R. Evid. 615. Plaintiff requests that the Court require the exclusion of all potential witnesses except the parties.

**RESULTS OF THE PARTIES' MEET-AND-CONFER:** Defendant stipulates to this motion in limine.

//

//

//

//

//

//

//

PLAINTIFF'S MOTIONS IN LIMINE        18
NO. 3:23-cv-06121-BHS

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### III.    CONCLUSION

For the reasons discussed above, this Court should grant Plaintiff's requested relief.

### **WORD COUNT CERTIFICATION**

By the signature below, Plaintiff certifies that this document contains 4,737 words.

DATED THIS 4ᵗʰ day of August, 2025.

Respectfully submitted,

*S//SaraEllen Hutchison*
SaraEllen Hutchison (WSBA # 36137)
LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
1102 A ST STE 300 PMB 66
Tacoma, WA 98402
Telephone:    206-529-5195
Email:        saraellen@saraellenhutchison.com

*s//Robert W. Mitchell*
Robert W. Mitchell (WSBA #37444)
ROBERT W. MITCHELL, ATTORNEY AT LAW, PLLC
1020 N. Washington, Spokane, WA  99201
Telephone:    (360) 993-5000
Email:        bobmitchellaw@yahoo.com

*Attorneys for Plaintiff, Michael Evitt*

PLAINTIFF'S MOTIONS IN LIMINE
NO. 3:23-cv-06121-BHS

19

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

1

## LCR 7(d)(4) CERTIFICATION

2

     I hereby certify that on August 1, 2025 at 10:29 a.m. Pacific Time, the parties, through

3

counsel, held a meet-and confer via phone conference regarding the above Motions in Limine.

4

Counsel for Defendant objected to items (1.)(a. – e.); (g); (h.); and (l. – n.), for the reasons stated.

5

Counsel for Defendant does not object to items (1.)(f.); (i.); (j.); (k.); (o.); 2; and 3.

6

7

     DATED THIS 4th day of August, 2025.

8

     Respectfully submitted,

9

10

     S//*SaraEllen Hutchison*
     SaraEllen Hutchison (WSBA # 36137)

11

     LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
     1102 A ST STE 300 PMB 66

12

     Tacoma, WA 98402
     Telephone:    206-529-5195

13

     Email:        saraellen@saraellenhutchison.com

14

     s//*Robert W. Mitchell*
     Robert W. Mitchell (WSBA #37444)

15

     ROBERT W. MITCHELL, ATTORNEY AT LAW, PLLC

16

     1020 N. Washington, Spokane, WA  99201
     Telephone:    (360) 993-5000

17

     Email:        bobmitchellaw@yahoo.com

18

     *Attorneys for Plaintiff, Michael Evitt*

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTIONS IN LIMINE
NO. 3:23-cv-06121-BHS

20

1

## **CERTIFICATE OF SERVICE**

2

3        I hereby certify that on August 4, 2025, the foregoing was filed via the Court's CM/ECF

4 system, which will automatically serve and send email notification of such filing to all registered

5 attorneys of record.

6        DATED THIS 4<u>th</u> day of August, 2025, Jonesboro, Arkansas.

7

8        s//*Robert W. Mitchell*
         Robert W. Mitchell (WSBA #37444)

9        Robert W. Mitchell, Attorney at Law, PLLC
         1020 N. Washington, Spokane, WA  99201

10       Telephone:    (360) 993-5000
         Email:        bobmitchellaw@yahoo.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26       PLAINTIFF'S MOTIONS IN LIMINE                 21              Law Office of SaraEllen Hutchison, PLLC
         NO. 3:23-cv-06121-BHS                                         1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
                                                                      Ph (206) 529-5195 | Fax (253) 302-8486
                                                                      saraellen@saraellenhutchison.com