THE HONORABLE JUDGE SETTLE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

MICHAEL EVITT,

    Plaintiff,

    v.

WELLS FARGO BANK, N.A.,

    Defendant.

Case No. 3:23-cv-06121-BHS

**WELLS FARGO BANK, N.A.'S MOTION IN LIMINE**

**NOTE ON MOTION CALENDAR:**

**AUGUST 25, 2025**

**(PRETRIAL CONFERENCE)**

Wells Fargo Bank, N.A., through counsel, respectfully submits the following Motion in Limine.

## INTRODUCTION

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), through its attorneys of record, respectfully requests that this Court enter an order in limine. Wells Fargo asks this Court to exclude evidence, testimony, or argument at trial that Wells Fargo was involved in, subject to, implicated in, or settled any criminal and/ or civil investigations into sales practices involving the opening of deposit accounts without customer authorization or any other prior unrelated acts. Because the investigations into Wells Fargo involved sharply different circumstances than those alleged by Plaintiff, any mention of the irrelevant civil and/ or criminal investigations would be unduly prejudicial to Wells Fargo because the fact finder may seek to punish Wells Fargo for unrelated

WELLS FARGO BANK, N.A.'S MOTIONS IN LIMINE- 1

3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

4936-2322-6970

conduct. Moreover, such evidence constitutes classically inadmissible prior acts evidence under FRE 404(b). Wells Fargo, thus, moves to exclude testimony and evidence concerning such investigations and settlements under ER 402, 403, and 404.

## LEGAL ARGUMENT

### I. This Court Should Exclude Argument, Testimony, or Evidence Stemming From Prior Criminal and Civil Investigations Into Wells Fargo or Other Prior Unrelated Acts.

Evidence of prior alleged wrongdoing by Wells Fargo is wholly unrelated to Mr. Evitt's credit reporting claim and is therefore wholly irrelevant and inadmissible under FRE 401, 402, and 404.

Any such evidence should also be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice." FRE 403. It would be incredibly prejudicial for the fact finder to conflate, for example, investigations into sales practices related to deposit account opening with Mr. Evitt's credit reporting allegations. A fact finder may be likely to focus on unrelated practices the government investigated. Given the lack of similarity with any prior acts, they lack probative value and are substantially outweighed by the prejudice Wells Fargo would suffer if such evidence, testimony, or argument is admitted into evidence.

Evidence of the criminal and civil investigation and/ or settlement related to account opening practices cannot support a punitive damages claim either. For evidence to support punitive damages based on a pattern or practice, the prior conduct must be sufficiently similar to the conduct alleged in the case in which the plaintiff seeks punitive damages. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422-23 (2003) ("A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business. Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a

**WELLS FARGO BANK, N.A.'S MOTIONS IN LIMINE**- 2

3:23-cv-06121-BHS

4936-2322-6970

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

1  defendant."). Dissimilar conduct cannot establish a pattern or practice for the purpose of obtaining.

2  Finally, FRE 404(b) prohibits a court from admitting "[e]vidence of a person's character

3  … to prove that on a particular occasion the person acted in accordance with the character or trait."

4  Though such evidence may be admissible for other purposes, it still can only be admitted

5  if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3)

6  the evidence is sufficient to support a finding that the defendant committed the other act; and (4)

7  (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United*

8  *States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005). Finally, after making this determination, the

9  district court must determine whether the probative value of admission outweighs the prejudice.

10  *Id.* No evidence of prior acts is admissible here.

Dated: August 4, 2025                SNELL & WILMER L.L.P.

By: */s/ Kelly H. Dove*
Kelly H. Dove, WSBA No. 58910
Snell & Wilmer, LLP
600 University Street, Suite 310
Seattle, WA 98101
(206) 741-1420
kdove@swlaw.com

*Attorneys for Wells Fargo Bank, N.A.*

**WELLS FARGO BANK, N.A.'S MOTIONS IN LIMINE**- 3

3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

4936-2322-6970

**WORD COUNT CERTIFICATION**

Defendant certifies that this document contains 596 words.

Dated: August 4, 2025

                                      SNELL & WILMER L.L.P.

                                      By: /s/ *Kelly H. Dove*
                                      Kelly H. Dove, WSBA No. 58910
                                      Snell & Wilmer, LLP
                                      600 University Street, Suite 310
                                      Seattle, WA 98101
                                      (206) 741-1420
                                      kdove@swlaw.com

                                      Attorneys for Wells Fargo Bank, N.A.

**LCR 7(d)(4) CERTIFICATION**

I certify that on August 1, 2025 at 10:29 a.m. Pacific Time, the parties, through counsel, held a meet-and confer via phone conference regarding the above Motion in Limine and did not reach an agreement.

Dated: August 4, 2025         SNELL & WILMER L.L.P.

                                      By: /s/ *Kelly H. Dove*
                                      Kelly H. Dove, WSBA No. 58910
                                      Snell & Wilmer, LLP
                                      600 University Street, Suite 310
                                      Seattle, WA 98101
                                      (206) 741-1420
                                      kdove@swlaw.com

                                      *Attorneys for Wells Fargo Bank, N.A.*

WELLS FARGO BANK, N.A.'S MOTIONS IN LIMINE- 4

3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

4936-2322-6970

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2025, the foregoing was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

Dated: August 4, 2025

SNELL & WILMER L.L.P.

By: */s/ Kelly H. Dove*
Kelly H. Dove, WSBA No. 58910
Snell & Wilmer, LLP
600 University Street, Suite 310
Seattle, WA 98101
(206) 741-1420
kdove@swlaw.com

*Attorneys for Wells Fargo Bank, N.A.*

**WELLS FARGO BANK, N.A.'S MOTIONS IN LIMINE**- 5

3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

4936-2322-6970