Kelly H. Dove (WSBA #58910)
SNELL & WILMER, LLP
600 University Street, Ste. 310
Seattle, WA 98101
206.641.1720
kdove@swlaw.com
Attorneys for Wells Fargo Bank, N.A.

THE HONORABLE JUDGE SETTLE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

MICHAEL EVITT,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

Case No. 3:23-cv-06121-BHS

**WELLS FARGO BANK, N.A.'S TRIAL BRIEF**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") seeks dismissal of Plaintiff Michael Evitt's ("Plaintiff" or "Mr. Evitt") claims in the Complaint ("Complaint"). This Motion is based on the attached Memorandum of Points and Authorities, all pleadings and papers on file herein, and such oral argument as may be presented at any hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This dispute arises from Mr. Evitt's claim that an unidentified, non-party fraudster accessed his Wells Fargo deposit account and made eighteen unauthorized bill pay transactions of $999.99 to two Bank of America credit cards, which resulted in an overdraft amount billed to his credit card.

Following an August 2023 arbitration, an arbitrator issued an award finding that the charges were unauthorized. Seven business days after the November 20, 2023 award was served, on November 30, Mr. Evitt disputed the reporting on his credit card account to TransUnion, but

TRIAL BRIEF - 1
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

reported that his account was fraudulently opened (not that the charges on a legitimate account were unauthorized). On December 6, 2023, Wells Fargo verified the credit reporting as accurate. The reporting was corrected no later than December 19, 2023. As such, Mr. Evitt's claim is limited to the period from December 6, 2023 to, at the latest, December 19, 2023.

**FACTS**

I.  **The Transactions.**

1. Mr. Evitt claims that an unidentified, non-party fraudster accessed his Wells Fargo deposit account and made eighteen unauthorized bill pay transactions of $999.99 each to two Bank of America credit cards, totaling approximately $18,000.

2. Mr. Evitt also claims that the same person had previously established overdraft protection linked to his credit card. As such, when Mr. Evitt's checking account became overdrawn, the overdrawn amount of the transactions was charged to his credit card.

3. Mr. Evitt filed a fraud report with Wells Fargo on May 6, 2022, the day he alleges he discovered the transactions.

4. Wells Fargo conducted an investigation[1] and determined that the transactions were not unauthorized.

5. Both the deposit account and credit card account are Mr. Evitt's. Neither was fraudulently opened.

II.  **The Arbitration Award**

6. Disagreeing with the results of Wells Fargo's investigation, Mr. Evitt brought suit against Wells Fargo alleging causes of action for violations of the Fair Credit Reporting Act, Consumer Protection Act ("CPA"), and breach of contract based on Wells Fargo's rejection of his fraud claim.

---

[1] This was an investigation of the fraud report and not an investigation pursuant to a FCRA dispute.

TRIAL BRIEF - 2
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

7. The parties arbitrated their dispute in August 2023.

8. Following the arbitration, the arbitrator issued an award, finding in Wells Fargo's favor on Mr. Evitt's Fair Credit Reporting Act claim, and Mr. Evitt's CPA claim, and in Mr. Evitt's favor on his breach of contract claim ("Arbitration Award" or "Award").

9. The Arbitrator found that the charges at issue were unauthorized.

10. The Award directed Wells Fargo to "remove the debt from his credit card account" and "cease reporting the debt to credit reporting agencies and report the dispute between Mr. Evitt and Wells Fargo as resolved in his favor."

11. Though the Award was dated Friday, November 17, 2023, the arbitrator served the Arbitration Award on the parties on Monday, November 20, 2023.

12. Mr. Evitt moved to vacate the Award.

13. On November 30, Mr. Evitt submitted a dispute to TransUnion concerning what he calls the "erroneous account" ("Dispute Notice").

14. The Dispute Notice identified Mr. Evitt's Wells Fargo credit card account and gave the reason for the dispute, as "This account was opened fraudulently." Under "additional comments," it noted, "I do not owe this debt."

15. The Dispute Notice does not reference the Arbitration Award or "fraudulent account balance."

16. Wells Fargo confirmed that reporting as accurate on December 6, 2023.

17. No later than December 19, 2023, Wells Fargo had changed the reporting to remove the remaining balance based on the charges.

18. Mr. Evitt did not make any payments on his account after December 6, 2023.

## CLAIM

Plaintiff has brought a single claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). That section provides, in relevant part:

TRIAL BRIEF - 3
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> > (A) conduct an investigation with respect to the disputed information;
> >
> > (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> >
> > (C) report the results of the investigation to the consumer reporting agency;
> >
> > (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

Plaintiff's claim presents the question of whether Wells Fargo conducted a reasonable investigation with respect to the disputed information provided in the TransUnion dispute notice; and whether Wells Fargo accurately reported Plaintiff's account.

This provision requires a "reasonable investigation." It does not include or provide for a requirement of "maximum possible accuracy," which is a standard that applies to procedures followed by *credit reporting agencies* (not furnishers) in preparing consumer reports. 15 U.S.C. § 1681(e); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1332 (9th Cir. 1995).

Plaintiff seeks damages for negligent non-compliance (15 U.S.C. § 1681n) and willful non-compliance (15 U.S.C. § 1681o).

To prove a negligent violation, Plaintiff must show that Wells Fargo acted pursuant to an objectively unreasonable interpretation of the statute. *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 673 (9th Cir. 2020) (citing *Syed v. M-I LLC*, 853 F.3d 492, 505 (9th Cir. 2017).

A person who is negligent in failing to comply with the FCRA with respect to any consumer is liable for (1) any actual damages sustained by the consumer as a result of the failure; and (2) in

TRIAL BRIEF - 4
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

the case of any successful action, reasonable attorney's fees and costs. 15 U.S.C. § 1681o.

To show that a violation was willful under the FCRA, a plaintiff must show that the defendant either knowingly violated the Act or recklessly disregarded the Act's requirements. *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 672 (9th Cir. 2020) (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007)). An action is reckless if it entails "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco Ins. Co. of Am.*, 551 U.S. at 68. Where the defendant's actions were not "objectively unreasonable," no liability for a willful violation of the FCRA can attach. *Id.* at 69.

A willful violation allows a plaintiff to recover for actual damages sustained as a result of the failure, or statutory damages of not less than $100 and not more than $1,000, as well as the possibility of punitive damages. 15 U.S.C. § 1681n(a).

The relevant period for determining Plaintiff's damages was, at most, from December 6, 2023 to December 19, 2023.

**DEFENSES**

Wells Fargo intends to defend the reasonableness of its investigation and actions.

**ISSUES OF LAW**

The jury will determine (1) whether Wells Fargo violated the FCRA by verifying Plaintiff's credit reporting as accurate, and if so, (2) whether Wells Fargo negligently violated the FCRA; and (3) whether Wells Fargo willfully violated the FCRA. If the jury finds that Plaintiff negligently violated the FCRA, it will also need to determine whether Plaintiff has demonstrated any actual damages and if so, in what amount. If the jury finds that Plaintiff willfully violated the FCRA, it will also need to determine whether Plaintiff has demonstrated any actual damages or whether instead to award statutory damages in an amount between $100 and $1000.

Plaintiff's claim is necessarily based on the Arbitration Award, and specifically its finding that the charges at issue were unauthorized and its directive to change the reporting of Mr. Evitt's account accordingly. This action arises from Plaintiff's November 30, 2023 dispute notice and

TRIAL BRIEF - 5
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

Wells Fargo's credit reporting from December 6, 2023 until, at the latest, December 19, 2023. Neither party's actions that predated the November 30, 2023 dispute notice are relevant to the question of whether Wells Fargo violated the FCRA in responding to that dispute notice.

In other words, Plaintiff's 2022 report of unauthorized transactions and *previous* investigation of a *different* credit dispute is irrelevant to the dispute at issue. As such, no credit dispute or investigation that predated the November 17, 2023 Award or the November 30, 2023 Dispute Notice can be included in the claims here.

## WITNESSES

**Plaintiff WILL Call:**

**Defendant, Wells Fargo** will testify regarding the facts alleged in the Complaint.

**Plaintiff, Michael Evitt** will testify regarding the facts alleged in the Complaint and his claimed damages.

**Defendant, Wells Fargo WILL Call:**

**Defendant, Wells Fargo**

**Plaintiff, Michael Evitt** will testify regarding the facts alleged in the Complaint.

Dated: August 20, 2025                SNELL & WILMER L.L.P.

By: */s/ Kelly H. Dove*
Kelly H. Dove, WSBA No. 58910
600 University Street, Suite 310
Seattle, WA 98101
(206) 741-1420
kdove@swlaw.com
*Attorneys for Wells Fargo Bank, N.A.*

TRIAL BRIEF - 6
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August, 2025, the foregoing was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

Dated this 20th day of August, 2025 at Las Vegas, Nevada.

Dated: August 20, 2025

SNELL & WILMER L.L.P.

By: */s/ Kelly H. Dove*
Kelly H. Dove, WSBA No. 58910
600 University Street, Suite 310
Seattle, WA 98101
(206) 741-1420
kdove@swlaw.com
*Attorneys for Wells Fargo Bank, N.A.*

TRIAL BRIEF - 7
3:23-cv-06121-BHS

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420