Kelly H. Dove (WSBA #58910)
SNELL & WILMER, LLP
600 University Street, Ste. 310
Seattle, WA 98101
206.641.1720
kdove@swlaw.com
Attorneys for Wells Fargo Bank, N.A.

THE HONORABLE JUDGE SETTLE

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

MICHAEL EVITT,

        Plaintiff,

    v.

WELLS FARGO BANK, N.A.,

        Defendant.

Case No. 3:23-cv-06121-BHS

**WELLS FARGO BANK, N.A.'S
MOTION FOR DIRECTED VERDICT**

      Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), through counsel, moves for a directed verdict.

### Relevant Factual Background

      As this Court is familiar, this dispute arose from Mr. Evitt's claim that an unidentified, non-party fraudster accessed his Wells Fargo deposit account and made unauthorized bill pay transactions, which resulted in an overdraft amount billed to his credit card. Following an August 2023 arbitration, an arbitrator issued an award finding that the charges were unauthorized. The award was served on November 20, 2023.

      On November 30, Mr. Evitt disputed the reporting on his credit card account to TransUnion, but reported that his account was fraudulently opened (not that the charges on a legitimate account were unauthorized). On December 6, 2023, Wells Fargo verified that credit reporting – that the account was not fraudulently opened – as accurate.

WELLS FARGO BANK'S MOTION FOR DIRECTED VERDICT - 1
3:23-cv-06121-BHS

1    There is no dispute that Mr. Evitt's credit reporting was changed to conform with the

2    Arbitration Award by reporting a zero balance owed no later than December 19, 2023.

3                                    **Legal Analysis**

4    A directed verdict is proper when the evidence permits only one reasonable conclusion as

5    to the verdict. *Peterson v. Kennedy*, 771 P.2d 1244, 1256 (9th Cir. 1985).  The standard is whether

6    or not, viewing the evidence as a whole and in the light most favorable to the nonmoving party,

7    there is substantial evidence that could support a finding for the nonmoving party.  *M.A.P. Oil Co.,*

8    *Inc. v. Texaco Inc*., 691 F.2d 1303, 1306 (9th Cir. 1982) (citing *California Computer Products,*

9    *Inc. v. International Business Machines Corp*., 613 F.2d 727, 734 (9th Cir.1979).

10   Here, Wells Fargo is entitled to judgment as a matter of law because it is undisputed that it

11   corrected Mr. Evitt's credit reporting within 30 days.  Courts in this Circuit and beyond have

12   uniformly held that no FCRA claim ***accrues*** until the 30-day reinvestigation period expires.

13   15 U.S.C. § 1681i provides a "30-day period beginning on the date on which the agency

14   receives the notice of dispute from the consumer" to conduct a reasonable investigation into the

15   completeness or accuracy of credit reporting.  For example, in *Grigoryan v. Experian Info. Sols.,*

16   *Inc*., 84 F. Supp. 3d 1044, 1078 (C.D. Cal. 2014), TransUnion argued and the court agreed that the

17   plaintiff could not recover damages for any purportedly unreasonable reinvestigation because its

18   reinvestigation resulted in removal of the account within the 30–day period prescribed by the

19   statutes. There, the plaintiff requested reinvestigation on November 21, 2011, and Trans Union

20   ultimately deleted the account on December 19, 2011.  The plaintiff therefore could not

21   demonstrate that he suffered damage due to any deficiencies in TransUnion's reinvestigation and

22   the court entered judgment in TransUnion's favor.  Similarly, in *Acton v. Bank One Corp*., 293 F.

23   Supp. 2d 1092, 1100 (D. Ariz. 2003), Equifax argued and the court agreed that the plaintiff cannot

24   recover for any injury under § 1681i until the 30–day reinvestigation period expired.

25   Courts apply this to furnishers with equal force because Section 1681s–2(b)(2) explicitly

26   refers to § 1681i in determining when the investigations, reviews and reports required under this

WELLS FARGO BANK'S MOTION FOR DIRECTED VERDICT - 2
3:23-cv-06121-BHS

section are due.  *Johnson v. Wells Fargo Home Mortg., Inc.*, 558 F. Supp. 2d 1114, 1136 (D. Nev. 2008).  Thus, if liability under § 1681i does not attach until after the 30–day reinvestigation period expires and § 1681s–2(b)(2) refers us back to § 1681i's 30–day reinvestigation period, then liability under § 1681s–2(b) also does not attach until after the expiration of that same reinvestigation period.  *Id.*

Courts in this Circuit and beyond have consistently held that therefore no FCRA claim accrues until the expiration of that 30-day period.  In other words, if the challenged reporting has been corrected within that 30-day period, no claim can be asserted.  *Callahan v. PlusFour, Inc*., 2019 WL 302492, at *4 (D. Nev. Jan. 23, 2019) (citing 15 U.S.C. § 1681s-2(b)(1)(A)–(E)) (holding that no FCRA violation can occur until after the 30-day deadline for completing a proper reinvestigation has expired); *Johnson v. Wells Fargo Home Mortg., Inc*., 558 F.Supp.2d 1114, 1135–1136 (D. Nev. 2008); *see also Ostrander v. Trans Union LLC*, 2021 WL 3271168, at *9 (E.D. Pa. July 30, 2021), aff'd, 21-2443, 2023 WL 12099330 (3d Cir. Jan. 4, 2023) (because liability under § 1681i arises thirty days after a consumer reporting agency receives notice of a dispute, and because § 1681s-2(b)(2) refers to § 1681i's thirty-day reinvestigation period, liability under § 1681s-2(b) "also does not attach until after the expiration of that same reinvestigation period."); *Jenkins v. Chase Bank USA, N.A*., 2015 WL 4988103, at *7 (E.D.N.Y. Aug. 19, 2015) (claim against furnisher arises, at the earliest, 30 days after dispute notice received by CRA); *Ferrarelli v. Federated Fin. Corp. of Am*., 2009 WL 116972, at *8 (S.D. Ohio Jan. 16, 2009) (holding that no FCRA "***violation can occur until after the expiration of the 30–day period in which a furnisher of information is to conduct a reasonable investigation under section 1681s– 2(b)***" and "[b]ecause no liability could attach until that date, [the plaintiff] is limited to those damages which arose after" the 30 days); *Rambarran v. Bank of Am. Corp.*, 2007 WL 2774256, at *5 (S.D.Fla. Sept.24, 2007) (declining to dismiss FCRA claim as time-barred where plaintiff filed complaint within two years of the earliest possible date defendant furnisher's liability under section 1681s–2(b) arose, which was thirty days after plaintiff sent his notice of dispute to the

Snell & Wilmer
600 University Street
Suite 310
Seattle, Washington 98101
206.741.1420

credit reporting agencies); *Chiang v. MBNA*, 2009 WL 7264913, at *3 (D. Mass. Jan. 30, 2009), report and recommendation rejected, 2009 WL 7266574 (D. Mass. Mar. 19, 2009) ("Upon written notification of a dispute, the furnisher has thirty days to investigate and respond to the dispute.").

Here, it is undisputed that Mr. Evitt filed his dispute with TransUnion on November 30, 2023, and his owed balance was updated and corrected to zero no later than December 19 – 20 days later.  No FCRA claim could have accrued during that period and thus Wells Fargo is entitled to a directed verdict.

Dated: September 10, 2025                SNELL & WILMER L.L.P.


By: */s/ Kelly H. Dove*
     Kelly H. Dove, WSBA No. 58910
     600 University Street, Suite 310
     Seattle, WA 98101
     (206) 741-1420
     kdove@swlaw.com
     *Attorneys for Wells Fargo Bank, N.A.*

WELLS FARGO BANK'S MOTION FOR DIRECTED VERDICT - 4
3:23-cv-06121-BHS

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on the 10th day of September, 2025, the foregoing was filed via the

3  Court's CM/ECF system, which will automatically serve and send email notification of such

4  filing to all registered attorneys of record.

5        Dated this 10th day of September, 2025 at Tacoma, Washington.

6

7  Dated: September 10, 2025                    SNELL & WILMER L.L.P.

8

9                                     By: */s/ Kelly H. Dove*
                                          Kelly H. Dove, WSBA No. 58910
10                                        600 University Street, Suite 310
                                          Seattle, WA 98101
11                                        (206) 741-1420
                                          kdove@swlaw.com
12                                        *Attorneys for Wells Fargo Bank, N.A.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

WELLS FARGO BANK'S MOTION FOR DIRECTED VERDICT - 5
3:23-cv-06121-BHS